Cooper v. Hamilton, etc., B. & L. Association.

* Cooper v. Hamilton, Etc., B. & L. Asso.

(*Knoxville.* September 26, 1896.)

Deed. *Acknowledged before Notary who is a stockholder and director in the grantee corporation.*

The fact that an acknowledgment of a deed of trust to a corporation was taken by a stockholder and director who was a Notary Public, does not make the instrument invalid, in the absence of any improper conduct, bad faith, or undue advantage arising out of his relation to the corporation. But the practice is condemned and discouraged.

Cases cited and approved: Holmes v. Eason, 8 Lea, 754; Posey v. Eaton, 9 Lea, 500; Grundy County v. T. C. I. & R. Co., 94 Tenn., 326; Beaumont v. Yeatman, 8 Hum., 542; Tipton v. Jones, 10 Heis., 564; 61 Ill., 310; 13 Mich., 344.

Cited and distinguished: Rhea v. Isely, 1 Leg. Rep., 292; Shields v. Netherland, 5 Lea, 197.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. T. M. McConnell, Ch.

Shepherd & Frierson for Cooper.

E. Y. Chapin and E. M. Dodson for Association.

* With this case as reported in 33 L. R. A., 339, is a note on the right of an interested person to take acknowledgments.—Reporter.

WILKES, J.   The defendant building and loan asso-
ciation in this case claims title to certain premises
under the foreclosure of a deed of trust, executed by
Cooper and wife, to secure a debt due the association.
The complainants ·claim homestead in the premises,
and the bill is filed to secure the same and enjoin
the association from taking possession under their
foreclosure proceeding.

The theory of the bill is, that the deed of trust
which has been foreclosed was acknowledged before
one E. Y. Chapin, a Notary Public, and that the
acknowledgment is illegal and void, because the No-
tary, when he took the acknowledgment of the hus-
band and wife, was a stockholder and director in the
association and its attorney, and, being thus inter-
ested, he was incompetent to take the acknowledg-
ment of any instrument made to or for the benefit
of the association.   The only question involved is
whether an officer so interested is competent to take
an acknowledgment, and whether this conveyance, so
acknowledged, is valid, and passes the homestead of
complainant.

The Chancellor was of opinion the acknowledg-
ment. was invalid and the conveyance void as to the
homestead, and so decreed, and defendant appealed
and assigned error.

The cause was heard by the Court of Chancery
Appeals, and the decree of the Chancellor was re-
versed, and complainants have appealed to this Court
and assigned error, raising the question before stated.

There is quite a conflict of authority and diversity of holding in the different States upon the question of whether the act of taking an acknowledgment to a deed or other instrument is a ministerial or judicial act. It has been held to be a ministerial act in the United States Courts, and in the Courts of Arkansas, Georgia, Illinois, Kentucky, Maine, Massachusetts, Minnesota, New Hampshire, New York, Maryland, and Ohio. In these States it is held that an officer may take acknowledgment though related, or interested, or a party. But it is held to be a judicial act in other States, to wit: Alabama, California, Iowa, Missouri, North Carolina, Pennsylvania, Virginia, West Virginia, Mississippi. The authorities are collated in Vol. I. (2d Ed.) Am. & Eng. Enc. L., p. 489. In Tennessee the Courts have held that the act is judicial, or *quasi* judicial, and especially is this so as to the act when it involves the privy examination of a married woman. *Rhea* v. *Isely*, 1 Leg. Rep., 292; *Shields* v. *Netherland*, 5 Lea, 197. This holding is doubtless largely due to the fact that, under our statutes originally, acknowledgments were taken in open Court, and with the formalities attending other judicial proceedings. This rule has, however, been relaxed until clerks and deputies and notaries may take acknowledgments out of open Court, and even in foreign States where this State has no judicial jurisdiction.

Aside from the question whether the act is ministerial or judicial, or both, in its character, it is

held, and properly so, that it is unwise and contrary to public policy for an officer to take an acknowledgment to any instrument to which he is a party, or in which he is interested directly or indirectly. In either event the officer should be disinterested and entirely impartial, as between the parties. Devlin on Deeds, Sec. 426; Tiedeman on Real Property, Sec. 810; *Manners* v. *Dole*, 61 Ill., 310; *Grovesback* v. *Seely*, 13 Mich., 344. And it is held in a large number of cases that such acknowledgments, affected by interest or relationship, are invalid and void, at least so far as third persons are concerned. 1 Am. & Eng. Enc. L. (2d Ed.), 493, 494.

We have been cited to quite a number of cases in our own State which appear to sanction the holding that such an acknowledgment is not invalid, and among them the cases of *Beaumont & Irwin* v. *Yeatman*, 8 Hum., 542, and *Tipton* v. *Jones*, 10 Heis., 564. These cases simply involve the question whether a Deputy Clerk could take an acknowledgment to an instrument to which his principal was a party, or in which he was beneficially interested, and it was held proper for him to do so, because the deputy is a sworn officer and disinterested. Several unreported cases are also relied on, in which it is claimed this Court upheld such acknowledgments when the officers taking them were interested in or parties to the instrument, and such has been the holding of this Court. We think the true rule

is, that while acknowledgments taken before officers who are related to either party or interested in the instruments are contrary to public policy and by no means to be encouraged, and while the practice, which has become so prevalent, should be discountenanced and discontinued, still, such acknowledgments are not absolutely invalid and void because of such interest or relationship, without more. Where there is no imputation or charge of improper conduct or bad faith or undue advantage arising out of such interest or relationship, the mere fact that the acknowledgment was taken before such officer would not vitiate the instrument or render it void, when otherwise it was free from objection or criticism.

It is certainly improper and bad policy for a Judge to preside or act in any case in which he is a party or interested or in which he is related to the parties who are interested, but the fact that a judicial officer does so act in such case does not render the proceedings or judgments void or make either a nullity.

In *Holmes* v. *Eason*, 8 Lea, 754, this question was maturely considered, and an elaborate opinion was rendered by the Court, speaking through Judge Cooper, holding that a judgment rendered by a Justice of the Peace related to one of the parties within the prohibited degree is not void, but voidable only, and an execution issued on such judgment should not be quashed for that reason alone. The learned Judge reviewed the cases thoroughly, and, overruling those

13 P—19

in conflict, announced the opinion of the Court, as above indicated, as the best and most approved holding. This ruling has been followed in *Posey* v. *Eaton*, 9 Lea, 500, and in *Grundy Co.* v. *Tenn. Coal Co.*, 10 Pick., 326. These cases go upon the idea that the incompetency of the officer is waived, and that the judgments are voidable and not void. In accord with the principles involved in these cases, we think the better rule is that acknowledgments before parties related or interested are voidable, but not *ipso facto* void, and while such acknowledgments will not *per se* be declared void, still they are open to attack, and the Court will lend a ready ear to evidence of undue advantage, fraud, or oppression, arising out of the fact of such relationship or interest in the officer taking the acknowledgment. In the case at bar it is not shown that the complainants were prejudiced in any way by the facts that the acknowledgment was taken before Chapin, or that he practiced any fraud or deception upon them, or that he obtained any undue advantage by reason of his relation to the defendant company, or that he failed, in taking the acknowledgment, to do any thing the law required him to do, but the case is rested solely and entirely upon the ground that an acknowledgment thus taken is *ipso facto* a nullity and void.

We can see no error in the conclusion reached by the Court of Chancery Appeals, and the decree of that Court is affirmed with costs.