# Hayes v. Southern Home Building & Loan Association.

*Bill to Redeem Mortgage and for Injunction.*

124 663
125 481

124 663
f126 364

124 663
127 545

124 663
130 298
h130 341

124 663
137 122
137 202

124 663
ᵇ140 375

124 663
138 668

124 663
.141 626

1. *Certificate of acknowledgment; conclusive except for fraud.*—So important is it to the security of titles that reliance may be placed upon the facts stated in a proper certificate of acknowledgment to a conveyance, that the law holds the certificate conclusive to establish those facts subject to impeachment only by proof of fraud or imposition in the procurement of the acknowledgment or conveyance.

2. *Same; cannot be taken by party interested in the conveyance.* Public policy forbids that the act of taking and certifying the acknowledgment to a conveyance shall be exercised by an officer who is financially interested in the conveyance.

3. *Homestead; alienation of; separate examination of wife essential.*—The examination and acknowledgment of the wife are necessary to the operation of a conveyance of the homestead, and are essentials which no attestation or other form of acknowledgment can supply. Without substantial compliance with the statutory requirements in respect to the separate examination, no title passes and no rights attach by which a conveyance can be established.

4. *Stockholder in an association cannot as a notary take acknowledgment of wife to mortgage to the association.*—A stockholder in an association has a substantial interest in upholding a mortgage executed to it, which disqualifies him to conduct or certify the separate examination and acknowledgment of the wife to a mortgage of the homestead.

5. *Married woman cannot waive incompetency of officer to take her separate acknowledgment.*—It is a general rule that without statutory or judicial authority a married woman cannot elect

[Hayes v. Southern Home B. & L. Asso.]

to affirm or disaffirm a transaction which she was without legal capacity to engage in. Hence, in this State she cannot waive incompetency on the part of the officer taking the separate examination required in the alienation of a homestead.

6. *Mortgage; cancellation of as a cloud on title to homestead, when decreed to husband.*—Since the facts creating the invalidity of the conveyance of the homestead because of incompetency of the officer who took the acknowledgement of the wife thereto, rest in parol, the husband may have relief in equity to enjoin the sale and decree the cancellation of the mortgage as a cloud upon his title. But the power of the court will only be exercised upon the condition that the complainant will do equity by returning any unpaid portion of the money borrowed or its equivalent with legal interest.

7. *Law of place of performance governs contract as to rate of interest.*—A note or bond payable at a particular place or which is expressly made with reference to the laws of a particular State, is governed in respect to its obligation as to interest by the law of the place so stipulated as the place of performance. . But where such stipulations are found to be a mere device to evade the usury laws, they will be held void as against public policy.

8. *Payments on transferred stock, not payments on loan.*—H. subscribed for ten shares of stock in a building and loan association, and transferred the same to the association as part security for a loan obtained by him from the association, agreeing to continue his payments on the stock and to have the withdrawal value of the stock applied in part payment of the loan, *held*, that payments made on the stock so transferred were not payments upon the loan.

9. *Void mortgage may be looked to, when.*—In a suit in equity to declare a mortgage void and for an accounting, the mortgage though void as a conveyance may be looked to if necessary for the purpose of ascertaining other terms of the contract.

10. *Complainant must do equity as a consideration to relief respecting a mortgage.*—In an accounting between a building and loan association and a stockholder who is also a borrower, the withdrawal value of the stock may be ascertained and credited upon the amount found due on the loan; and if the credits are not thereby found sufficient to extinguish the loan with 8 per cent per annum thereon, then the borrower should be required to pay the balance of such loan and interest, as a condition to relief sought by him from a mortgage given to secure the loan.

APPEAL from Walker Chancery Court.

Heard before Hon. THOS. COBBS.

Bill in equity by J. H. Hayes against the Southern Home Building & Loan Association, a corporation.

The complainant subscribed for twenty shares of the stock of the defendant association, at one hundred dollars for each share. He afterwards borrowed of the defendant one thousand dollars, and to secure the same executed a mortgage on his homestead and also transferred to the defendant ten of his shares of stock. By the terms of his contract he was to pay on these shares a certain amount monthly until the stock held by him should mature and become of the par value of one hundred dollars per share. A withdrawal value was fixed on the stock by the by-laws of the association which were made a part of the contract. There was a provision in the contract for the payment of interest at a greater per cent than is allowed by the laws of this State; but the contract was made with reference to the laws of the State of Georgia. The bill averred that because of the complicated nature of the account between complainant and defendant a resort to chancery was necessary. The wife of the complainant joined her husband in the execution of the mortgage on the homestead, and her separate acknowledgment was taken by Howard Lamar, a notary public, who was at the time a stockholder in the defendant corporation.

The cause was submitted for final decree on an agreed statement of facts, and the chancellor decreed, that, the mortgage loan was not usurious; that the mortgage was not void; that the accounts were not so complicated as to justify resort to a court of equity; and that complainant had no right to have the monthly installments paid by him on the shares transferred to the defendant applied to the debt secured by the mortgage. He further decreed that the mortgage should be foreclosed. From this decree the complainant appealed.

SMITH & SMITH, and NORVELL & SMITH, for appellant. 1. Mortgage of a homestead is absolutely void without acknowledgment by the wife.—*Stripling v. Cooper*, 80 Ala. 256, and does not estop the grantors, 79 Ala. 112.

[Hayes v. Southern Home B. & L. Asso.]

2. The acknowledgment in this case being taken by a known stockholder and party interested in the mortgage security is void.—2nd ed. Ency. of Law, vol. 2, p. 493; 16 L. R. A. 719; *Crosenbeck v. Seeley,* 13 Mich. 329; *Havemeir v. Dahn,* 33 L. R. A. 332; *Holder v. Breemage,* 18 So. Rep. 383. Stockholder not a competent witness for the corporation at common law .—*Sanford v. Reed,* 36 Ala. 703; 2nd ed. Ency. Law, 4th vol., p. 1063. Payee cannot sign payor's name to a note.—*Carlisle, Jones & Co. v. Campbell,* 76 Ala. 247. A trustee is disqualified to take the acknowledgment of the trust deed, and the deed so acknowledged is as though it were unacknowledged.—*Dail v. Moore,* 51 Mo. 565. 3. The account was complicated, and injunction proper.—10 Ency. Law 814; 89 Ala. 493.

CABANISS & WEAKLEY, *contra.*—1. The contract was made with reference to the laws of Georgia, and was not usurious.—*Bennett v. Eastern B. & L. Asso.,* 177 Pa. St. 233; 34 L. R. A. 595; Bank v. Cook, 46 Am. St. Rep. 201; *Peck v. Mayo,* 39 Am. Dec. 205; *Wayne &c. Bank v. Low,* 81 N. Y. 566; *Cockle v. Flack,* 93 U. S. 344; *Falls v. U. S. S. L. & B. Co.,* 97 Ala. 422; *Cubbedge v. Napier,* 62 Ala. 518; *Hunt v. Hall,* 37 Ala. 702; *Hanrick v. Andrews,* 9 Port. 9.

2. Stockholder not disqualified from taking acknowledgments to a mortgage made by a married woman to his association.—*Ellis v. Smith,* 42 Ala. 349; *Hayes v. Collier,* 47 Ala. 726; *Ex parte Bar Asso.,* 92 Ala. 113; *Heidenfeldt v. Towns,* 27 Ala. 423.

The act of a judicial officer in a matter where he is disqualified because of interest is not void but voidable only, and cannot be collaterally assailed.—*Trawick v. Trawick,* 67 Ala. 271; *Ployman v. Henderson,* 59 Ala. 559; *Hine v. Hussey,* 45 Ala. 496; *Rogers v. Franklin,* 79 Ala. 505.

3. Where there is an appearance of the wife before the officer, and his certificate is in proper form it not open to impeachment save for fraud or duress.—*Am. F. L. M. Co. v. Thornton,* 108 Ala. 258; *Am. &c. Co. v. James,* 105 Ala. 347; *Jinwright v. Nelson,* 105 Ala. 399; *Shelton v. Aultman,* 82 Ala. 315.

4. Complainant required to do equity as a condition precedent to obtaining any relief.—*Grider v. American &c. Co.*, 99 Ala. 281; *American &c. Co. v. Sewell*, 92 Ala. 163; *George v. New England &c. Co.*, 109 Ala. 550.

4. To show complication in accounts bill must set forth facts. Otherwise equity will not take jurisdiction. *Avery v. Ware*, 58 Ala. 475; *Hudson v. Vaughan*, 57 Ala. 609; *Dickinson v. Lewis*, 34 Ala. 638; *Knotts v. Tarver*, 8 Ala. 743.

SHARPE, J.—So important is it to the security of titles that reliance may be placed upon the facts stated in a proper certificate of acknowledgment to a conveyance, that the law holds the certificate conclusive to establish those facts subject to impeachment only by proof of fraud or imposition in the procurement of the acknowledgment or conveyance.—*Grider v. Am. Freehold etc. Co.*, 99 Ala. 281; *Shelton v. Aultman & Taylor Co.*, 82 Ala. 315.

Because of the probative force so accorded to the certificate as well as the usually important consequences of the conveyance itself, public policy forbids that the act of taking and certifying the acknowledgment shall be exercised by an officer who is financially interested in the conveyance.—Devlin on Deeds, §476; *Smith v. Clark*, 100 Iowa 605; *Miles v. Kelly*, 40 S. W. Rep. (Tex.) 599; *Amick v. Woodworth*, 58 Ohio St. 86.

Such is the doctrine in respect of ordinary conveyances and the reason is more cogent for its application when the separate examination of the wife is to be taken upon the alienation of the homestead since by the statute, the examination and acknowledgment are necessary to the operation of the conveyance and are essentials which no attestation or other form of acknowledgment can supply. Without substantial compliance with the statutory requirements in respect to the separate examination, no title passes and no rights attach by which a conveyance can be established.—*Stripling v. Cooper*, 80 Ala. 256; *Strauss et al. v. Harrison*, 79 Ala. 324; *Grider v. American etc. Co.*, supra.

The acknowledgment in question was taken by a notary who was a stockholder in the mortgage association

and as such under the plan of the association he was entitled to participate in the profits arising from loans and from other sources. He had therefore a substantial interest in upholding the attempted mortgage security which disqualified him to conduct or certify the separate examination and acknowledgment of Mrs. Hayes.

As bearing upon the effect of the officer's incompetency we are referred to the case of *Cooper v. Hamilton etc. Building Association*, 97 Tenn. 285, where it was held that such acknowledgment taken by an interested officer was not void but was voidable only upon proof of fraud, or undue advantage with resultant injury to the complaining grantor. If such be the rule, incompetency becomes competency to nearly the same extent as where the officer has no objectionable interest for even in the latter case equity will usually take cognizance to relieve from the consequences of fraud and imposition, and from the conclusive character attributed by our courts to the certificate, the result would be to declare that voidable which it would be most difficult to avoid.

Besides a married woman is without capacity to elect whether to avoid the transactions. Except to the extent that the statute has enlarged her capacities she is *civiliter mortua* as at common law. The statutes of this State have not empowered her to waive incompetency on the part of the officer taking the separate examination required in the alienation of a homestead. It is a general rule that without statutory or judicial authority a married woman cannot elect to affirm or disaffirm a transaction which she was without legal capacity to engage in. *High v. Worley*, 33 Ala. 196.

Upon these considerations it must be held that the acknowledgment to the mortgage is void and that the mortgage itself is of no validity as a conveyance or security for the loan in question. The power of sale being only one of its incidents fails with the mortgage and is subject to be perpetually enjoined.

Since the facts creating the invalidity of the conveyance rest in parol, complainant may have relief in equity to enjoin the sale and to decree the cancellation of the mortgage as a cloud upon his title. But the power of the court will only be exercised upon the condition that

the complainant will do equity by returning any unpaid portion of the money borrowed or its equivalent with interest at our legal rate.—*Grider v. Am. Freehold etc. Co., supra.*

It is one of the agreed facts that the contract is not usurious under the law of Georgia. The bond given by complainant for the repayment of the loan is by its terms payable in that State and it recites that the loan or advance was obtained by complainant as a member of the association under its by-laws and the by-laws provide that all contracts with the association shall be deemed to have been made at the home office in Atlanta, Georgia.

Under established rules a note or bond made payable at a particular place or which is expressly made with reference to the laws of a particular State is governed in respect to its obligation as to interest by the law of the place so stipulated as the place of performance.—*Hanrick v. Andrews,* 9 Port. 387; *Dickenson v. Br. Bank of Mobile,* 12 Ala. 54; *Hunt v. Hall,* 37 Ala. 702; 3 Am. & Eng. Ency. Law (1st ed.) 516, 543 and 561.

An exception to these rules is where such stipulations are found to be a mere device to evade the usury laws, in which case they will be held void as against public policy. No such sinister purpose appears in this contract. The association being operated for the joint benefit of its members it is essential to equality and fairness as between them that each member should abide and perform the mutual obligations imposed by its charter and by-laws upon all standing in similar relations. The conclusion follows that this loan was not usurious.

The same profit-sharing feature of the association in connection with other terms of the contract is conclusive to show that complainant is not entitled to have payments made on account of his stock, credited as payments upon the loan. The agreed facts show that his ten shares of stock were transferred to the association only as part security for the loan; that the rules as well as the terms of the transfer endorsed on the stock required payments thereon to be continued, and it is further agreed that complainant is entitled to have the withdrawal value of the stock applied in part payment of the loan. Under such conditions the relations in

[Kidd, Exr'x, v. Bates *et al* ]

which he stands to the association as a borrower and as a stockholder are separate and the accounts pertaining to each relation are distinct. That payments made on stock so transferred are not upon the loan was expressly held in *So. Building & L. Asso. v. Anniston etc. Co.*, 101 Ala. 582, and the same principle was recognized in *Sheldon v. Birmingham B. & L. Asso.*, at present term.

Having acquired jurisdiction for relief from the mortgage the court will if desired settle the whole controversy; and the defendant association having elected to treat the whole contract as ended, an account may be taken to ascertain the amount due upon the loan including interest and premiums according to the terms of the contract and of the agreement upon which the cause was submitted. The attempted mortgage though void as a conveyance may be looked to if necessary for the purpose of ascertaining other terms of the contract.

The withdrawal value of the stock may also be ascertained and credited upon the amount found due on the loan. If complainant's credits are not thereby found sufficient to extinguish the loan described in the attempted mortgage with 8 *per centum per annum* thereon to the time of the trial, then complainant should be required to pay the balance of such loan and interest as a condition to relief respecting the mortgage.

The decree appealed from not being in accordance with this opinion it will be reversed and the cause will be remanded at the cost of the appellee.