## Ogden Building and Loan Association v. Anna Mensch et al.

99    67
a196s 554

1. ACKNOWLEDGMENTS—*Taken Before Interested Persons, Void.*—The acknowledgment of a mortgage to a building and loan association before a notary public who is the attorney for the association and a director and shareholder of it, is taken by an interested person and is void.

Foreclosure of a Mortgage, taken by a building and loan association. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1900.

JOSEPH H. MUHLKE and SAMUEL B. KING, attorneys for appellant.

A certificate of acknowledgment is not void by reason of the fact that it was taken and certified by a stockholder of appellant, who was also the attorney and director thereof. Cooper v. Hamilton B. & L. Ass'n, 97 Tenn. 285, 286; National Bk. of Fredericksburg v. Conway, 1 Hughes, 37, 40; Horton v. Columbia Bldg. Ass'n, 6 Weekly Law Bulletin, 141.

The qualification, as to disinterestedness, of a notary public taking and certifying to an acknowledgment, is not the same as the qualification of a judge or juror. Lynch v. Livingston, 6 N. Y. 422, 433-4.

The act of a notary public taking and certifying to an

acknowledgment of a deed is purely ministerial and not judicial or quasi-judicial. People v. Bartels, 138 Ill. 322, 333.

An interested officer may perform a valid ministerial act with reference to a transaction in which he is interested. Throop on Officers, Secs. 607, 614; 12 Am. & Eng. Enc. of Law, 49.

This rule is subject to the exception that such an act is invalid where the interested officer is a party to the transaction. Throop on Officers, Sec. 614.

And accordingly it is held in this State that where an acknowledgment is taken by one of several parties to a deed, it is void as to such party taking the acknowledgment and valid as to the others. Darst v. Gale, 83 Ill. 136, 143.

The true rule is that the act of an interested officer taking and certifying to the acknowledgment of a deed is valid, if free from imposition by him practiced upon the grantors, and void where such imposition is practiced. Cooper v. Hamilton B. & L. Ass'n, 97 Tenn. 285, 290.

E. J. Batten and D. K. Tone, attorneys for appellees.

An acknowledgment taken by an officer adversely interested is void. Hammers v. Dole, 61 Ill. 310; Armstrong v. Combs, 44 N. Y. S. 173; Iron Belt Building & Loan Ass'n v. Groves, 96 Va. 138; 31 S. E. Rep. 23.; Merced Bank v. Rosenthal, 99 Cal. 39, 47; 31 Pac. Rep. 849–852; Workman's Mut. Aid Ass'n v. Monroe, 53 S. W. Rep. 1,029; Hayes v. Southern Home B. & L. Ass'n, 26 So. Rep. 527; Leonhard v. Flood (Ark.), 56 S. W. Rep. 781, 783; Kothe v. Krag-Reynolds Co., 20 Ind. App. 293, 306; 50 N. E. Rep. 595, 597.

Prior to the statute abolishing the disability of witnesses, a stockholder was incompetent to testify in behalf of the corporation of which he was a member, and can not now testify where the disqualification has not been removed. Consolidated Ice Machine Co. v. Keifer, 134 Ill. 481, 495; affirming 26 Ill. App. 468; Thrasher v. Pike County Railroad Co., 25 Ill. 393; Christiansen v. Dunham, 75 Ill. App. 267; Ryder v. Alton & Sangamon Railroad Co., 13 Ill. 516, 523. And therefore could not act as attesting witness for the

corporation.   Winsted Savings Bank, etc., v. Spencer, 26 Conn. 196.

The acknowledgment now serves the purpose of witness-ing the signature, and the statutes empowering parties and interested persons to testify in suits have no bearing on this question.   The statute expressly so provides.   2 Starr & Curtis' Ann. Stat. 1842, Sec. 8, Ch. 51.

It is not necessary that the officer taking the acknowl-edgment should be a party to the instrument to disqualify him from certifying to its acknowledgment.   Kothe v. Krag-Reynolds Co., 20 Ind. App. 293;   50 N. E. Rep. 595; Smith v. Clark (Iowa), 69 N. W. Rep. 1011;   Groesbeck v. Seeley, 13 Mich. 329; Iron Belt Bldg. & L. Ass'n v. Groves, 96 Va. 188; 31 S. E. Rep. 23; Miles v. Kelley (Tex. Civ. App.), 40 S. W. Rep. 599; Hayes v. Southern Home B. & L. Ass'n (Ala.), 26 So. Rep. 527;   Workman's Mut. Aid Ass'n v. Monroe, 53 S. W. Rep. 1029;   Merced Bank v. Rosenthal, 99 Cal. 39, 47; 31 O. 849, 852; Beaman v. Whitney, 20 Me. 413; Long v. Crews, 113 N. C. 256; 18 S. E. Rep. 499; Jones v. Porter, 59 Miss. 628; Bank v. Porter, 2 Watts Pa.) 141; Bank v. Wycoff, 4 Dall. (U. S.) 151;   Wills v. Wood, 28 Kan. 400; Leonhard v. Flood (Ark.), 56 S. W. Rep. 781, 783.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a suit in equity to foreclose a mortgage for $3,000, made by the appellees Anna and Michael Mensch.   The appellee George Landgraff was made a party defendant, and, besides answering, he filed his cross-bill to foreclose a second mortgage to secure $300, made by the same defend-ants.   The premises conveyed and sought to be foreclosed were, at the time the mortgages were executed and ever since, occupied by the mortgagors as, and constituted their homestead.   No question is made to the regularity of Landgraff's mortgage.   But as to the mortgage to the appellant, it was shown that the acknowledgment of it was taken before and certified by a notary public who was the attorney of the association and was one of its directors and had been for some five years one of its stockholders.   And

the principal question for decision is as to the effect of an acknowledgment so taken and certified. We omit reference to all minor questions raised on the pleadings, as a reversal on any of the other grounds urged would be but temporary and give to appellant no ultimate advantage.

The learned chancellor who entered the decree held the certificate of acknowledgment to be void, and we are constrained to agree with him. Hammers v. Dole, 61 Ill. 310.

It is an admitted fact in the case, that the notary public before whom the acknowledgment was made and certified was attorney, director and shareholder of the appellant corporation, and there can be no effectual denial that he was, therefore, an interested party. The great weight of authority is to the effect that an acknowledgment must be held void when taken by an officer who is a party to the instrument, or who is beneficially interested in the same, directly or indirectly.

It was so held in Hammers v. Dole, *supra*, where the court said: "An officer should not be permitted to perform either a ministerial or a judicial act in his own behalf." It is "against the policy of the law."

A numerous collection of the authorities may be seen in Kothe v. Krag-Reynolds Company, 20 Ind. App. 291, where the law was held the same way. The case of Cooper v. Hamilton Building & Loan Association, 97 Tenn. 285, is directly to the contrary, but we regard the decision of our Supreme Court as controlling, supported as it is by such numerous authorities, and if the rule is to be changed it should be done by that court.

Without further discussion we must affirm the decree.