## DAVIS v. HALE.

### Opinion delivered October 19, 1914.

1. BILL OF REVIEW—GROUND FOR—NEWLY DISCOVERED EVIDENCE.—To support a bill of review on the ground of newly discovered evidence, the matter discovered must be such as could not have been discovered by the use of reasonable diligence.

2. APPEAL AND ERROR—FINAL ORDER—APPEAL.—An appeal can not be taken from an order of a chancery court which is not a final order.

3. APPEAL AND ERROR—FINAL ORDER—NEW EVIDENCE.—In an action to foreclose a deed of trust, where the chancellor renders an interlocutory decree, that certain parties held a mortgage on certain land, but not decreeing the amount due, nor a sale of the land, the decree is not final, and it is within the discretion of the court to permit additional evidence to be taken in the case.

4. HOMESTEAD—CONVEYANCE OF—TRUST DEED—WIFE'S SIGNATURE AND ACKNOWLEDGMENT.—In order to complete a valid conveyance of homestead property, or to execute a valid deed of trust on the same, the wife must join in the execution of the deed and must also acknowledge that she has executed the same.

5. ACKNOWLEDGMENTS—SIGNATURE OF NOTARY.—An acknowledgment to the execution of a deed of trust is invalid when the notary does not sign his name thereto, although he does affix the imprint of his official seal.

6. ACKNOWLEDGMENTS—SIGNATURE .OF NOTARY—CURATIVE ACT.—The curative act of 1911, Acts 1911, p. 12, does not render valid the certificate of acknowledgment to a deed of trust, when the notary failed to sign the same.

7. ACKNOWLEDGMENT—STOCKHOLDER AS NOTARY—VALIDITY.—Where a deed of trust is given to secure a valid debt and no fraud was alleged or proved as to its execution, and no coercion or undue advantage taken of the parties executing the trust deed, either by the officer taking the acknowledgment or the lender of the money, the acknowledgment will not be held invalid because the lender was a corporation and the notary taking the acknowledgment was a stockholder thereof.

Appeal from Mississippi Chancery Court, Osceola District; *Charles D. Frierson,* Chancellor; reversed in part, affirmed in part.

STATEMENT BY THE COURT.

In March, 1913, H. J. Hale, as trustee for W. P. Hale, and F. B. Hale, as trustee for Osceola Cotton Oil Company, instituted an action in the chancery court against Hattie Davis, Frank Davis, Mattie Davis and Robert Davis, to foreclose a mortgage on real estate. The facts are as follows:

On the 5th day of November, 1909, Charles Davis and Hattie Davis, his wife, executed a deed of trust on their homestead to H. J. Hale, trustee, to secure a note due W. P. Hale for $300. The mortgage was signed by Charles Davis and Hattie Davis and the certificate of acknowledgment was filled out and the seal of the notary public attached to it. The seal contained the name of S. S. Semmes, notary public of Mississippi County, on it, but the signature of S. S. Semmes does not appear in the body of the certificate of acknowledgment, nor is it subscribed at the end thereof.

Charles Davis died November 7, 1911, and left surviving him a widow, Hattie Davis, and Frank, Mattie and Robert Davis, his minor children, and heirs at law.

On the first day of March, 1911, Charles Davis and Hattie Davis executed a deed of trust to F. B. Hale as trustee for Osceola Cotton Oil Company, a corporation doing business at Osceola, in Mississippi County, Arkansas, to secure a note of $800. The mortgage was acknowledged before a stockholder and officer of the corporation to which the deed of trust was given. The debts secured by the above deed of trust were the debts of Charles Davis and were evidenced by promissory notes which were not signed by Hattie Davis. At the fall term of the chancery court, 1913, an interlocutory decree was entered of record. In it the chancellor found that Charles Davis and Hattie Davis, his wife, intended that the deed of trust given to H. J. Hale, as trustee for W. P.

Hale, should embrace their homestead, but that by mistake of the draughtsmen other lands were described in it. It was decreed by the court that the description of the deed of trust should be reformed so as to embrace the homestead of Charles Davis. The chancellor also found that said deed of trust was given to secure a note of $300 executed by Charles Davis on November 5, 1909, and due one year after date, bearing interest at the rate of 10 per cent per annum from date until paid and that this note and no part of it had been paid except the interest up to November 5, 1911, and decreed that the deed of trust be declared a first lien on the homestead of Charles Davis.

The chancellor further found that Charles Davis and Hattie Davis, his wife, executed a second deed of trust to F. B. Hale as trustee for the Osceola Cotton Oil Company to secure a note executed to the said Osceola Cotton Oil Company for the amount of $800, due November 15, 1911, with interest at 10 per cent per annum from date until paid and that the note was signed by Charles Davis, and decreed that the deed of trust which was given to secure it be declared a second lien upon the homestead of Charles Davis, and that a master be appointed to determine the amount due on said note secured by said deed of trust. In the decree a master was appointed to ascertain the amount of money due on the note given to the Osceola Cotton Oil Company and was ordered to make his report at the next term of the court. At the February, 1914, term of the chancery court the defendants sought and obtained leave to file a bill of review on the ground of newly discovered evidence.

Thereafter Hattie Davis testified that she signed a deed of trust to H. J. Hale as trustee for W. P. Hale at her home in Mississippi County, seven miles from Osceola, but denied that she had ever acknowledged the same at any time or place. Subsequently a decree was entered in favor of the plaintiffs in which it was recited that the defendant, Hattie Davis and the minor defendants were all duly served with summons as required by

law and that a guardian *ad litem* had been appointed for the minor defendants. The court further found that the deed of trust of Charles Davis and wife executed to H. J. Hale, trustee for W. P. Hale, was intended to embrace the homestead of Charles Davis and that by mistake of the draughtsman other lands were described in said deed of trust. The chancellor further found that said deed of trust was given to secure a note executed to W. P. Hale for the sum of $300 with interest at 10 per cent per annum from date until paid and that no part of said note had been paid except the interest up to November 5, 1911. The court also found that the sum of $767.72 with 10 per cent interest from September 15, 1913, was due on the deed of trust given to F. B. Hale as trustee for the Osceola Cotton Oil Company and that the deed of trust given to H. J. Hale, as trustee for W. P. Hale, was a first lien upon the homestead and that the deed of trust given to F. B. Hale, as trustee for the Osceola Cotton Oil Company, was a second lien upon the homestead. A decree of foreclosure was entered.

From this decree the defendants have duly prosecuted an appeal to this court.

*Appellants, pro se.*

1. The land in question is a homestead, and to convey it the wife must not only join in the execution of the instrument, but also must acknowledge the same. Kirby's Dig., § 3901; 32 Ark. 453; 60 Ark. 270; 64 Ark. 493; 57 Ark. 242; 84 Ark. 335; 89 Am. St. Rep. 341, note; Devlin on Deeds, 1036, § 548, (b.); *Id.* 2403, § 1285.

To render a notary public's certificate of acknowledgment valid, he must *sign the certificate.* Devlin on Deeds, 98, § 496; 11 Am. St. Rep. 143; 100 Am. Dec. 152; 41 Am. Dec. 173; 20 Ohio, 119; 17 *Id.* 542; 26 Texas, 212; 127 Ill. 449; 44 Ark. 421.

2. The trust deed executed to F. B. Hale as trustee for the Osceola Cotton Oil Company is invalid, because the notary who took the acknowledgment of the same was, at the time, an officer and stockholder of that company.

43 Ark. 420; 33 L. R. A. 332, note; Devlin on Deeds, 856, § 477 (c.), 477 (d.); 138 Ga. 258; 44 L. R. A. (N. S.) 377; 75 S. E. 248; 1 Cyc. 555.

*J. N. Thomason*, for appellees.

1. The certificate of acknowledgment to the deed of trust to H. J. Hale, trustee, is sufficient.

It appears by the deed of trust and other evidence that Hattie Davis did acknowledge it, and if so, she is bound by her act, and the failure of the notary to sign his name would not be a defect of which she and the minor heirs could take advantage. If the acknowledgment was actually taken, as the certificate states, the signing was a ministerial act and could be supplied by the court. 21 Ark. 309; 14 Ark. 675; 36 Cyc. 446.

His failure to sign the certificate was cured by the curative act of 1911. Acts 1911, p. 12.

2. The certificate of acknowledgment to the trust deed executed to F. B. Hale as trustee, is not invalid because of the fact that the notary was an officer and stockholder in the Osceola Cotton Oil Company. 1 Cyc. 553, and cases cited; 20 Okla. 427; 16 Am. & Eng. Ann. cases, 133; 68 O. St. 280, 67 N. E. 729, 62 L. R. A. 790; 32 Wash. 572; 73 Pac. 680; 97 Tenn. 285; 125 Cal. 320, 57 Pac. 1070; 36 Fla. 575, 18 So. 850.

HART, J., (after stating the facts). (1) The court should not have given the defendants leave to file a bill of review. To support a bill of review for newly discovered matter, the matter must be such as could not have been discovered by the use of reasonable diligence. *Boynton* v. *Chicago Mill & Lumber Co.*, 84 Ark. 203; *Jackson* v. *Becktold Printing & Book Mfg. Co.*, 97 Ark. 415; *Smith* v. *Rucker*, 95 Ark. 517.

The defendants knew, or by the exercise of reasonable diligence could have known, that Hattie Davis had not acknowledged the deed of trust to H. J. Hale as trustee for W. P. Hale before the rendition of the decree by the chancellor in the fall of 1913.

(2) Moreover, that decree was not a final decree and no appeal could have been taken from it. Therefore the defendants could have presented their additional testimony without a bill of review. In the case of *Johnson's Ex'r.* v. *Clark,* 4 Ark. 235, the court held that under our statute regulating the practice in chancery courts a party is not entitled to an appeal unless upon a final decision or decree, and that where the decree affirms that the conveyance of certain slaves is a mortgage and that the complainant has a right to redeem under it, and directs the master in chancery to take an account and make a report to. the next term of court, these facts clearly show that the decree is merely interlocutory and not final or conclusive between the parties.

In the case of *Sennett* v. *Walker,* 92 Ark. 607, this court quoted with approval from the case of *Davie* v. *Davie,* 52 Ark. 224, as follows: "In this case, while` the decree takes the form of a final order in adjudicating the parties' proportionate interests in the land, it is apparent that the .court has not fully adjudicated that branch of the cause. The relative interests of the parties in the land have been ascertained and determined, but the cause is retained with a reference to a master who is directed to report at a subsequent term, and the court is yet to determine, upon the coming in of the report, what amounts shall be charged as liens upon the several interests, and whether there shall be a sale of some of the interests to satisfy the same. The decree does not direct its execution, but looks to further judicial action before that event. The plaintiffs can suffer no injury by awaiting the termination of the litigation."

(3) Under the rule there announced, the decree of the chancellor entered in the fall of 1913 was clearly interlocutory and was not a final decree in the case. In that decree the court found that the deed of trust given to H. J. Hale as trustee for W. P. Hale was a first mortgage on the homestead and that the mortgage given to F. B. Hale as trustee for the Osceola Cotton Oil Com-

pany was a second lien upon the homestead of Charles Davis. No foreclosure of either mortgage was made. The decree did not direct its execution but looked to further judicial action before that event. It was necessary that there should be an ascertainment not only of the amount due under the mortgage, but that there should be a foreclosure of the same ordered before the decree could be considered final. It follows that it was a matter within the discretion of the court to permit additional evidence to be taken in the case.

(4) The property embraced in the deed of trust given in favor of W. P. Hale embraced the homestead of Charles Davis. The act of March 18, 1887, provides that no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity unless the wife joins in the execution of such instrument and acknowledges the same. Under this statute the wife must not only join in the execution of the deed of trust but must also acknowledge that she has executed it in order to render it a valid encumbrance against the homestead. *Bank of Harrison* v. *Gibson,* 60 Ark. 269; *Pipkin* v. *Williams,* 57 Ark. 242.

(5) In the instant case Hattie Davis testified that she did not acknowledge the deed of trust. The certificate of acknowledgment was filled out and the impress of the notary's seal, containing the name of S. S. Semmes was attached to the certificate, but the officer's name was not subscribed to the certificate of acknowledgment and it did not appear in the body thereof. Section 5395 of Kirby's Digest, provides that all mortgages shall be acknowledged in the same manner that deeds for conveyance of real estate are now required to be acknowledged. Section 746 of Kirby's Digest provides that every officer who shall take proof of the acknowledgment of any deed or conveyance of real estate shall grant a certificate thereof and cause such certificate to be endorsed on such deed, and further provides that the certificates shall be signed by the officer before whom the same is taken and sealed if he have a seal of office.

In reference to the precise question here involved, in 1 Ruling Case Law, § 57, p. 278, it is said: "The statutes relating to acknowledgments either in express language or by implication require the officer taking an acknowledgment to subscribe his name to the certificate, and it is imperative that this requirement be complied with. The insertion of the name of the officer in the body of the certificate—in accordance with the common practice to prepare the certificate in advance so that the officer has only to sign his name—will not be deemed to constitute his official signature so as to supply the omission to sign at the conclusion. The failure of the officer to affix his signature renders the certificate null and void as a general rule, and this although the certificate may have been attested by his official seal."

To the same effect see *Clark* v. *Wilson,* 127 Ill. 449, 11 Am. State Rep. 143; *Marston* v. *Brashaw,* 18 Mich. 81, 100 Am. Dec. 152.

It is also contended by the appellants that if the deed of trust be construed as invalid, that the acknowledgment is cured by the curative act passed February 10, 1911. See General Acts of 1911, p. 12. We can not agree with them in that contention. That act cures defective acknowledgments where words required by law to be in the certificate of acknowledgment have been omitted, or where the officer has failed or omitted to attach his seal of office to the certificate of acknowledgment. It does not purport to cure an acknowledgment where the name of the acknowledging officer was not subscribed to the certificate of acknowledgment.

(6) It follows that the deed of trust given in favor of H. J. Hale as trustee for W. P. Hale did not create a valid encumbrance against the homestead because the acknowledgment thereto was not subscribed by the acknowledging officer as required under the statute.

It is also contended by counsel for the defendants that the deed of trust given to secure the indebtedness of Charles Davis to the Osceola Cotton Oil Company did not create a valid encumbrance on the homestead because

the acknowledgment was taken by an officer and stockholder of the corporation. In a case note to *Ardmore National Bank* v. *Briggs Machinery & Supply Company,* 20 Okla. 427, 94 Pac. 533, 16 Am. & Eng. Ann. Cas. 133, 23 L. R. A. (N. S.) 1074, it is said that a majority of the decided cases is to the effect that a stockholder of a corporation has a beneficial interest in a mortgage given to the corporation in which he is a shareholder and that he is, therefore, disqualified from taking an acknowledgment of such mortgage. The reason given in most of the cases is that the taking of an acknowledgment is a *quasi*-judicial act, and that though a stockholder in a corporation has no independent ownership in the corporation, still he gets the benefit of an enhancement in the value of the corporate property by the increased value of his shares and that his holdings of stock may be so large that almost any transaction of the corporation may affect the value of his shares.

On the contrary, the rule in some of the States is that a shareholder of a corporation is not directly interested in the property of the corporation and the taking of an acknowledgment by him to a deed or mortgage to the corporation of which he is a shareholder being strictly a ministerial act, is not invalid.

In 1 Ruling Case Law, section 41, 270, the author says that neither of these views expresses the true rule. We quote therefrom as follows: "The truth seems to be that no arbitrary rule will prove a safe test for determining in every instance whether an officer is disqualified to act because of interest. The facts and circumstances of the case should be deemed of controlling importance, and the decision should proceed with reference thereto. Undoubtedly, it is unwise and contrary to public policy for an officer to take an acknowledgment to any instrument to which he is a party, or in which he is interested directly or indirectly. In any event, he should be disinterested and entirely impartial as between the parties. But arbitrarily to declare his act *ipso facto* void is repugnant to sound principles of the law of evidence, and

in many cases must be productive of great hardship and injury. A more salutary rule declares that where there is no imputation or charge of improper conduct or bad faith or undue advantage, the mere fact that the acknowledgment was taken before an interested officer will not vitiate the ceremony or render it void, if otherwise it is free from objection or criticism. The fact of interest, however, ought to be regarded with suspicion and should provoke vigilance to detect the presence of unfair dealing, the slightest appearance of which the party seeking to uphold the acknowledgment should be required to clear away."

The Supreme Court of Tennessee has held that an acknowledgment of a mortgage to a corporation taken by one of its stockholders is not void but is voidable, and will be set aside upon the slightest evidence of undue advantage, fraud or oppression arising out of such interest of the officer taking the acknowledgment. *Cooper* v. *Hamilton Perpetual Building & Loan Assn.,* 97 Tenn. 285, 37 S. W. 12, 33 L. R. A. 338. There a husband and wife executed a mortgage to a corporation to secure payment of a loan. The acknowledgment was taken by a stockholder and director of the corporation. There was no fraud practiced by the officer or the corporation. The court held the acknowledgment valid.

In the case of *Green* v. *Abraham,* 43 Ark. 420, we held that a party to a deed could not take an acknowledgment to it. The reason is that he is a party, and is directly interested in the transaction. We also held in the case of *Biscoe* v. *Byrd,* 15 Ark. 655, that the taking of an acknowledgment to a deed or mortgage belongs to that class of duties which are recognized by this and other courts as strictly ministerial. In the case before us, it does not appear from the face of the deed or of the certificate of acknowledgment that the officer before whom the acknowledgment was taken was a stockholder in the corporation.

(7) The undisputed evidence shows that the deed of trust under consideration was given to secure a valid

debt and the amount for which judgment was rendered was due and unpaid. There was no fraud alleged or proved in regard to the execution of the mortgage, and no coercion or undue advantage was taken of the parties executing the deed of trust either by the officer who took the acknowledgment or by the corporation itself. Under these circumstances, we think the acknowledgment was not void, and that the deed of trust created a valid lien on the homestead.

From the views we have expressed it follows that the decree, in so far as it ordered a foreclosure of the mortgage given to F. B. Hale as trustee for the Osceola Cotton Oil Company, will be affirmed; and that so much of the decree as ordered a foreclosure of the deed of trust given to H. J. Hale as trustee for W. P. Hale will be reversed and the cause remanded with directions to the chancellor to dismiss the complaint for want of equity.