## In re CONNECTICUT FROSTED FOODS CO., Inc.

### No. 20575.

District Court, D. Connecticut.

May 6, 1941.

A. D. Slavitt, of South Norwalk, Conn., for petitioner.

Morris Apter, of Hartford, Conn., for respondent.

CLARK, Circuit Judge (sitting as District Judge pursuant to statutory designation).

The Connecticut Ice Machine Company, Inc., of South Norwalk, Connecticut, petitioner herein, sold to the bankrupt on August 29, 1940, and prior to the bankruptcy, certain refrigeration equipment to be installed on the premises of the bankrupt's place of business at Hartford, Connecticut. Pursuant to the agreement of sale there was executed and acknowledged by both parties a conditional bill of sale by which petitioner purported to retain title to the equipment until payment was completed, and this instrument was duly recorded in the office of the Town Clerk of Hartford. Of the purchase price of $1,350, there still remains unpaid $888.16. The petition prays that the trustee in bankruptcy be ordered to deliver the property to petitioner or, in lieu thereof, to pay it this unpaid balance.

The sole defense to the petition is that the notary public who took the separate acknowledgments of both parties to the bill of sale was also the president of the vendor corporation and one of its stockholders. This fact did not appear on the face of the instrument; the acknowledgments were entirely regular in form. The petition was referred to the referee in bankruptcy as special master, who found that these facts were not in dispute. He concluded, however, that the defense was legally sufficient, and therefore recommended dismissal of the petition.

The defense raises the question whether or not this instrument was "acknowledged before some competent authority," which is one of the requirements stated in Conn. Gen.Stat.1930, § 4697. If the requirements of this section are not complied with, it is provided by § 4699 that the sale shall be held to be absolute except between the vendor and vendee.

Whether an official taking an acknowledgment of a corporation is disqualified, and the acknowledgment rendered invalid, by reason of his ownership of stock in the corporation, has been a matter of some difference of judicial opinion. In many jurisdictions he is so disqualified by that fact, and the acknowledgment is of no effect. Ogden Bldg. & Loan Ass'n v. Mensch, 196 Ill. 554, 63 N.E. 1049, 89 Am.St.Rep. 335; Hayes v. Southern Home Bldg. &

Loan Ass'n, 124 Ala. 663, 26 So. 527, 82 Am.St.Rep. 216; cases collected in 51 A. L.R. 1529. "The illiberality of such a rule and the insufficiency of the reasons therefor have not escaped the attention of a number of courts, however," 1 Am.Jur. 338; and these hold there is no disqualification as a matter of law, certainly if no unfairness or undue advantage is shown, and particularly where the claimed disqualifying fact did not appear on the face of the instrument. Davis v. Hale, 114 Ark. 426, 170 S.W. 99, Ann.Cas.1916D, 701; Cooper v. Hamilton Perpetual Bldg. & Loan Ass'n, 97 Tenn. 285, 37 S.W. 12, 33 L.R.A. 338, 56 Am.St.Rep. 795. How unreal the assigned reasons are is shown by a distinction often suggested between corporate stockholders and officers, with the latter not disqualified unless they have the direct pecuniary interest afforded by stock ownership; and yet the officers are more deeply involved in day-to-day corporate activities than are the ordinary stockholders. Compare Davis v. Hale, supra; 51 A.L.R. 1531, 1533; 1 Am. Jur. 338, 339; 71 U.S.L.Rev. 481.

While the authority in Connecticut may appear not to be absolutely precise, it seems adequate to point to the necessary conclusion. It has been held that the conditional contract may be signed by either vendor or vendee or by both, and that a sales agent of the vendor is not too interested to take the acknowledgment of the vendee. National Cash Register Co. v. Lesko, 77 Conn. 276, 58 A. 967. Since an immediate pecuniary interest is therefore necessary to disqualify, the notary's position as president is not objectionable here, in the absence of any imputation of unfairness. It is true that while only one party need execute the instrument, yet where both do, both must acknowledge it. C. I. T. Corporation v. Hungerford, 123 Conn. 438, 196 A. 151. But it has been often emphasized that the purpose of the statute is to provide notice from official records for the protection of creditors and bona fide purchasers of the vendee. C. I. T. Corporation v. Cohen, 117 Conn. 159, 163, 167 A. 102, 104; National Cash Register Co. v. Lesko, supra.

The legislature has not defined "competent authority" as used in § 4697. Presumably included are all authorized to take acknowledgments of land conveyances; indeed, with respect to mortgages of personal property, it is expressly provided that they shall be "executed, acknowledged and recorded as are mortgages of land." Conn. Gen.Stat.1930, § 5092; Bickart v. Sanditz, 105 Conn. 766, 772, 136 A. 580, 582. Hence thus included are not only judges, justices of the peace, and lawyers (as commissioners of the superior court), but clerks of court and town clerks and assistant town clerks, as well as notaries public. § 5003. Many of these are ministerial officers, from which it may perhaps be inferred that the legislature considered this to be only a ministerial function not beyond the capacity of a stockholder. See Sousley v. Citizens' Bank of Nepton, 168 Ky. 150, 181 S.W. 960. At least it did not expressly qualify their capacity to act, and in the succeeding section, § 5004, it showed skepticism toward the rigid rule against acknowledgment by one interested in the transaction. There it expressly provided that conveyances of land made by or to corporations "may be attested by witnesses interested therein, and may be acknowledged before properly authorized persons who are so interested." That statute appears to have been enacted to override Winsted Savings Bank & Bldg. Ass'n v. Spencer, 26 Conn. 195, where a deed was invalidated because one of the two attesting witnesses was a stockholder in the grantee corporation; though even there, the court had declined to pass upon the validity of the acknowledgment, made before the same individual, saying that such point "perhaps might be attended with more difficulty." The legislative attitude is also shown by the extensive validating acts regularly passed at each session, covering, inter alia, deeds with acknowledgments before unauthorized persons. Compare Conn. Sp.Acts 1937, No. 460, § 7; id. 1939, No. 522, § 7.

Here the statutory objective of protection by notice to the vendee's creditors and purchasers was completely fulfilled. The record betrayed no suggestion of question as to the validity of the instrument. In Seaboard Commercial Corp. v. Leventhal, 120 Conn. 52, 55, 178 A. 922, 923, the court was dealing with the form of the certificate. But what it there said, in quoting from Carpenter v. Dexter, 8 Wall. 513, 526, 75 U.S. 513, 19 L.Ed. 426, seems fully as applicable to the case at bar: "It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections."

It follows that the master's recommendation must be rejected and the petition granted. The clerk is directed to enter an order that the trustee return the personal property described in the conditional bill of sale to petitioner or, in lieu thereof, pay to it the sum of $888.16.