## DAVIE V. DAVIE.

1. APPEALS: *From what decrees allowed.*

    Where a decree determines the right to property, and directs it to be delivered up, or directs its sale, and the plaintiff is entitled to have the decree carried into immediate execution, it is to that extent final and may be appealed from, although a further decree may be necessary to adjust an account between the parties. In such cases the appeal is allowed to prevent irreparable injury pending the suit. It is also allowed from a decree, which, without ending the suit, finally determines a distinct and severable branch of the cause. But although a decree is in the form of a final order, and adjudicates the proportionate interests of the parties in certain lands, an appeal therefrom is premature where the decree does not direct its execution, but looks to further judicial action, on the coming in of a master's report, to determine what sums shall be charged as liens upon the several interests, and whether some of them shall be sold to satisfy the same.

2. SAME: SAME: *Interlocutory orders.*

    The first subdivision of section 1265 Mansfield's Digest does not grant an appeal from an introductory order, but provides only for the review of such an order, on appeal from the final judgment.

APPEAL from *White* Circuit Court in Chancery.

M. T. SANDERS, Judge.

This was an action of ejectment brought by Edward Davie and others against J. M. Davie, for the recovery of a section of land to which they claim title as heirs at law of J. C. Davie. The defendant claims the land as devisee of Caroline M. Davie deceased, the widow of J. C. Davie, alleging in his answer that she acquired title under certain conveyances executed by the heirs. One of these conveyances was executed by Elizabeth A. Finch in consideration of $1000. The interest of M. E. Clement in the land was acquired, as alleged, by a purchase from her guardian for the sum of $333. It was also alleged in the answer that J. C. Davie sold the land in controversy to Watson, Weld and others for $5000, and that at the time of his death he held their notes for the purchase money, and they held his bonds for title. That the widow (Caroline M.) purchased the land from the said vendees of her deceased husband,

and paid to the administrator of the deceased the amount due on their notes, which she took up and surrendered to them. That said vendees thereupon transferred to her their title bonds, and that having thus become the equitable owner of the land, she devised it to the defendant by a will which has been duly probated, and that since her death he has made valuable improvements.

The answer was made a cross-complaint, and the cause was transferred to the equity docket. The answer to the cross-complaint denies the sale alleged to have been made by Watson and others to Caroline M., and alleges that the conveyances from the heirs to her were obtained by false and fraudulent representations.

On the hearing the court below rendered a decree, which, after the usual recital of the submission of the cause proceeds as follows:

"Upon consideration whereof, it appearing J. D. Garrison, A. J. Garrison, Edward Garrison, Mrs. M. A. Hallaman, Mrs. M. McCutchen and H. Q. Finch are entitled to have and recover of and from the defendant one-fourth of the lands in controversy, as the heirs at law of Elizabeth A. Finch, sister of J. C. Davie, deceased; that Edward N. Davie and Mary E. Clement, as heirs at law to Ashbourne Davie, brother of J. C. Davie, deceased, are entitled to have and recover of and from the defendant two-thirds of one-fourth of the lands in controversy, it is, therefore, considered, ordered and adjudged by the court that the plaintiffs, J. D. Garrison, A. J. Garrison, Edward Garrison, M. A. Hallaman, M. McCutchen and H. Q. Finch, have and recover from the defendant one-fourth of the lands in controversy, to-wit (describing the land); and that the plaintiff, Edward N. Davie and M. E. Clement, have and recover of the defendant two-thirds of one-fourth of the above described tract or parcel of land, and all costs herein expended. And it is further ordered by the court that this cause be referred to R. H. McCulloch, as Special Master herein, who is

directed to take and state an account of the amount of pur-chase money paid or expended to Louis H. Weld and others by Caroline M. Davie, at the surrender to her of their title bonds; also, the amount of taxes paid, and all valuable and lasting improvements made on said lands by the defendant since the death of Mrs. Caroline M. Davie; also, the amount of the reasonable rental value of said land and premises from the year 1882, inclusive, to date. The Master is further instructed to charge J. D. Garrison, A. J. Garrison and Edward Garrison, and M. A. Hallaman, Mrs. M. McCutchen and H. Q. Finch, with such *pro rata* or proportional part of the one thousand dollars received by their mother, Elizabeth A. Finch, as the value of the land herein recovered by them bears to the interest she was entitled to in the whole estate, both real and personal, of J. C. Davie, with 6 per cent. interest; also, to charge M. E. Clement with such *pro rata* part of the three hundred and thirty-three dollars received by her as the value of the land re-covered by her bears to her entire interest, real and personal, in said estate of J. C. Davie, with 6 per cent. interest, and re-port at the next term of this court."

From this decree the plaintiffs have prosecuted an appeal.

The first subdivision of section 1265 Mansfield's Digest, is as follows .

"Sec. 1265. The Supreme Court shall have appellate juris-diction over the final orders, judgments and determinations of all inferior courts of the State in the following cases, and no others :

"*First:* In a judgment in an action commenced in the inferior courts, and, upon the appeal from such judgment, to review any intermediate order involving the merits and neces-sarily affecting the judgment."

*W. R. Coody* and *S. S. Cockroft*, for appellants.

Argue the merits.

Davie v. Davie.

COCKRILL, C. J. The right of appeal is limited in general to final. judgments and does not extend to interlocutory orders. *Batesville & Brinkley Ry., ex parte, 39 Ark., 82.* The object of the limitation is to present the whole cause here for determination in a single appeal, and thus prevent the unnecessary expense and delay of repeated appeals. A judgment in equity is understood ordinarily to be interlocutory when inquiry as to matter of law or fact is directed preparatory to a final adjudication of the rights of the parties. *Russell v. Beebe, 19 How., 283.* But "where the decree decides the rights to the property in contest and directs it to be delivered up, or directs it to be sold, and the complainant is entitled to have it carried into immediate execution, the decree must be regarded as final to that extent, although it may be necessary for a further decree to adjust the account between the parties." *Forgay v. Conrad, 6 How., 206; Thompson v. Dear, 7 Wall., 342.* The appeal is allowed in such cases to prevent irreparable injury pending the suit. It is allowed also where a distinct and severable branch of the cause is finally determined, although the suit is not ended. *State v. Shall, 23 Ark., 601; Dunn v. Nichol, 25 ib., 129.* But the unnecessary splitting of causes by courts of chancery creates confusion and difficulty in practice and is condemned. *Tucker v. Yell, 25 Ark., 431; Hicks v. Hogan, 36 ib., 298; Drake v. Thyng, 37 ib., 228; Forgay v. Conrad, 6 How., sup.*

In this case while the decree takes the form of a final order in adjudicating the parties' proportionate interests in the land, it is apparent that the court has not fully adjudicated that branch of the cause. The relative interests of the parties in the land has been ascertained and determined, but the cause is retained with a reference to a Master who is directed to report at a subsequent term, and the court is yet to determine, upon the coming in of the report, what amounts shall be charged as liens upon the several interests, and whether there shall be a sale of some of the interests to satisfy the same.

The decree does not direct its execution, but looks to further judicial action before that event.    The plaintiffs can suffer no injury by awaiting the termination of the litigation.

2. SAME:
Same: In-
terlocutory
orders.

The first subdivision of section 1265 Mansfield's Digest does not undertake to grant the right of appeal from an interlocutory order, but provides only what the law was without it, that such an order can be reviewed on appeal from the final judgment.    The appeal is premature.    Cases *supra; Cohen v. Weiss, 44 Ark., 344; Ry. v. Simmons, 123 U. S., 52; Gray v. Palmer, 9 Cal., 632.*

Appeal dismissed.