| 80 | 513 |
| 83 | 189 |

## YOUNG *v.* ROSE.

### Opinion delivered November 19, 1906.

1. APPEAL—FINAL JUDGMENT—TIME OF APPEALING.—A decree which settles the rights of the parties and leaves nothing to the master but a statement of an account on a basis fixed by the decree is a final judgment, which, under Kirby's Digest, § 1199, must be appealed from within one year.   (Page 515.)

2. MASTER'S REPORT—WHEN NOT SUBJECT TO EXCEPTION.—A report of a master is not subject to exceptions when it simply follows the decree directing the reference and makes a report based on findings contained in such decree, as, if there be error, it is in the original decree, and not in the report of the master, whose duty it was to obey the decree. (Page 516.)

Appeal from Crawford Chancery Court; *J. V. Bourland*, Chancellor; affirmed.

#### STATEMENT BY THE COURT.

In 1903 Ike Rose and Joe Curtis were partners engaged in the retail liquor business in Van Buren, Arkansas. Besides a stock of liquors and saloon fixtures owned by them, they held a lease for two years on the building in which they were doing business, with privilege of renewal. In December, 1903, Curtis sold his interest in the partnership business and property to D. J. Young, and also assigned and transferred his interest in the lease of the building to Young, thus dissolving the partnership between himself and Rose.

Rose held possession of the partnership property, and for the pretended purpose of winding up the business he sold all the property of the firm of Rose and Curtis, excepting cash on hand, to one Minor, including the lease of the building. The consideration to be paid by Minor was the invoice price of the goods and saloon fixtures and $100 for the lease contract. But this sale to Minor was made with the understanding that he should

80—33

resell all his property to Rose at the same price, which he did the next day.

Young thereupon brought this action in equity to compel Rose to account, and asking for other relief.

The chancellor heard the case, and rendered a decree on the 11th day of June, 1904, in which he held, among other things, the following: "That upon the purchase of the interest of Joe Curtis by the plaintiff, the defendant, Ike Rose, became the surviving partner of said copartnership of Rose & Curtis, and entitled to the possession of all of the assets of said firm for the purpose of winding up the affairs of the copartnership and the payment of its debts.

"That the defendant, Ike Rose, as surviving partner, had the right, and it was his duty, to dispose of said lease and the said stock of merchandise and fixtures remaining on hand at the dissolution of said copartnership on the 31st day of December, 1903, and convert the same into money for the purpose of winding up said copartnership, and that the sale thereof to W. H. Minor was not a fraud on the rights of D. J. Young, the purchaser of the interest of Joe Curtis in said partnership.

"That the consideration of one-hundred dollars received by said Rose for said lease and the sum of $1,509.16, the invoice price received for the stock of merchandise and fixtures, was a fair value and price for same."

He thereupon referred the case to a master to state an account between the parties, specifically directing that in stating the account the value of the lease should be assessed at one hundred dollars and the stock of merchandise at the amount shown by the inventory on file, which was $1,509.16, and that Rose be charged with those sums and the cash on hand.

The master afterwards made a report in accordance with this decree, showing that the interest of the plaintiff in the property amounted to $1,020.85, which amount the defendant paid to plaintiff, and the master so reported.

The plaintiff excepted to this report, but his exceptions were overruled, and the report was confirmed. The court further held that the plaintiff was not entitled to recover anything further, and taxed each party with half the costs, and gave judgment accordingly. This judgment confirming the report of the

master was rendered on the 11th of November, 1904, and the appeal in this case was granted by the clerk of this court on the 6th of November, 1905.

*Ira D. Oglesby,* for appellant.

The pretended sale to Minor was a mere sham and a fraud upon the rights of appellant; and, since the legal effect of the transaction was to sell property to himself which he held in a trust capacity as a partner of the firm of Rose & Curtis, appellee can not profit by the fraud, nor escape by paying the price which he fixed, but will be held to pay the value of the unexpired lease as shown by the evidence, and to account for the profits made by him.    57 Barb. 139; 54 Ark. 395; 53 Ark. 152; 72 S. W. 683.

*L. H. Southmayd,* for appellee.

1.  The decree rendered in this cause on June 18, 1904, was final, and determined all the rights of the parties to the controversy.  The decree of Nov. 11, 1904, was only a confirmation of a report of a master made in obedience to findings of the former decree.  No appeal having been taken from the former decree, it can not now be disturbed.  Kirby's Digest, § 1199; 73 Ark. 37; 74 Ark. 181; 34 Ark. 117; 52 Ark. 224.

2.  Upon the testimony, the chancellor's findings were that the sale of the lease and stock and fixtures to Minor was not a fraud of the rights of appellant, and that the consideration for the lease, and for the stock and fixtures was a fair value.  His findings will be sustained unless clearly against the preponderance of the evidence.  72 Ark. 69; 68 Ark. 134; *Ib.* 314; 44 Ark. 216.

RIDDICK, J., (after stating the facts).  In his brief filed in this case counsel for appellant contends with much force that the chancellor erred in holding that the value of the stock of merchandise was only $1,509.16 and the value of the lease was only $100, and that he erred in holding that the defendant should be compelled to account only for those sums and the amount of cash on hand.  But this judgment of the chancellor was rendered over a year before the appeal was taken, and we have therefore no right to disturb it.  Kirby's Digest, § 1199; *Moore* v. *Henderson,* 74 Ark. 181; *Cooper* v. *Ryan,* 73 Ark. 37.

It is true that the judgment confirming the report of the

master was made less than a year before the appeal was taken, but this report only followed the decree, which adjudged and fixed the amount which the defendant was to be charged for the property. A decree which settles the rights of the parties and leaves nothing to the master but a statement of an account on a basis fixed by the decree is a final judgment. As no appeal was taken from this judgment within the time allowed by statute, it must on this appeal be treated as the law of the case, and, that being so, the subsequent decree confirming the report of the master made in obedience to the first decree can not be questioned. A report of the master is not subject to exceptions when it simply follows the decree directing the reference and makes a report based on finding contained in that decree, .for in such a case, if there be error, it is in the original decree, and not in the report of the master whose duty it was to obey the decree. *Musgrove* v. *Lusk,* 2 Tenn. Ch. 576; 17 Enc. Plead. & Prac. 1050.

Judgment affirmed.