## HARGUS *v.* HAYES.

Opinion delivered June 3, 1907.

1. APPEAL—FINAL DECREE.—Where, in a suit to set aside a fraudulent conveyance, a decree was rendered cancelling the deed and vesting title in the heirs of the grantor, and ordering a reference to a master to state an account between parties of the rents and profits received by defendant and of moneys expended by him for the deceased grantor's benefit, but without directing that such decree be carried into immediate execution, the decree is interlocutory, and not appealable until a further decree is entered after the report of the master comes in. (Page 188.)

2. EVIDENCE—ADMISSIONS OF THIRD PARTY.—Statements made by the grantor in a deed and by the attorney who prepared the deed, in the grantee's absence, tending to show that the deed was executed to defraud the grantor's creditors, are inadmissible against the grantee to impeach the deed. (Page 190.)

Appeal from Fulton Circuit Court; *George T. Humphries,* Chancellor; reversed.

Suit by Joshua Hayes, as administrator of the estate of J. W. Hayes, deceased, against Abner Hargus. Plaintiff recovered. and defendant appealed.

*J. M. Burrow* and *Bradshaw, Rhoton & Helm,* for appellant.

1. It is shown by undisputed proof that appellant was in possession of the land claiming it as his own for 16 years. Further that appellant took possession in Hayes's lifetime, before the latter went to the penitentiary, and the seven-year statute of limitations would bar recovery. The limitation statute need not be specially pleaded in equity, which will not enforce stale demands. 39 Ark. 159.

2. Assuming that the conveyance was fraudulent, which is not conceded, appellee's complaint is without equity, since one who seeks equity must come with clean hands, and an executed contract which is tainted with fraud is nevertheless binding upon the immediate parties. 26 Ark. 317; 52 Ark. 171; *Id.* 389; 57 Ark. 390; 21 Ark. 249.

*J. L. Short* and *C. E. Elmore,* for appellee.

1. The decree cancelling the deed was final, and the appeal, not having been prayed and allowed within one year, should be dismissed. Kirby's Digest, § §1194, 1199; 70 Ark. 83; 71 Ark. 168; 73 Ark. 37; *Id.* 608; 74 Ark. 181; 98 S. W. 717.

2. The defense of the statute of limitations will not be considered on appeal where it is not pleaded below. 62 Ark. 76.

3. A conspiracy to make a fraudulent conveyance is sufficiently shown by the testimony. It need not be shown by direct and positive proof. Underhill, Crim. Ev. § 491; Ark. 444; 98 S. W. 723.

When a grantor conveys all his property to a member of his family, a stepfather here, for a grossly inadequate consideration, which is afterwards returned to the wife of the grantee, with intent to defraud creditors, such conveyance is void. 45 Ark. 520; 47 Ark. 301. And, the question of fraud being one of fact, the chancellor's finding thereon will not be disturbed unless clearly contrary to weight of evidence. 49 Ark. 298; 45 Ark. 94; 45 Ark. 41; Ark. 327; 54 Ark. 229; 56 Ark. 621; 98 S. W. 685.

McCULLOCH, J. The plaintiff, Joshua Hayes, as administrator of the estate of J. W. Hayes, deceased, instituted this suit in equity for the benefit of the heirs at law of said decedent against the defendant, Abner Hargus, to set aside a deed executed

by said decedent to defendant conveying the lands described in the complaint, and to recover the rents and profits of the lands collected by the defendant since the execution of said conveyance.

It is alleged in the complaint that said conveyance was made for the fraudulent purpose of cheating, hindering and delaying the creditors of said decedent. The defendant filed his answer, denying the allegations of fraud and asserting that he purchased the land in good faith from Hayes and paid him the price mentioned in the deed.

On October 24, 1904, the court rendered a decree in favor of the plaintiff, cancelling said deed and vesting the title to said land in the heirs at law of J. W. Hayes. The court at the same time made a finding from the evidence that the defendant had paid out some money for said J. W. Hayes, had made improvements and paid taxes on the land for which he was entitled to credit, and had received rents and profits therefrom; and the court further ordered a reference to a master to state an account between the parties of the rents and profits from said lands received by the defendant and of all sums of money expended by him for said decedent, and for taxes and improvements.

At a subsequent term of the court the master filed his report, to which the defendant excepted, and the court on October 12, 1905, rendered a decree sustaining the exceptions in part and overruling them in other respects, and, after finding a balance of $204.15 due from the defendants for rents and profits in excess of the amounts paid out by him, the court decreed to the plaintiff the recovery of that amount from defendant. The defendant obtained an appeal on October 8, 1906, from the clerk of this court.

The appeal was not taken within one year after the rendition of the first decree, and the question is raised by appellee whether or not the appeal was taken in time to bring up that decree for review.

It is important, therefore, to consider first whether or not that decree was final, for, if it was, the appeal was not taken in time and the title is irrevocably fixed by the decree. The opinion of this court in *Davie* v. *Davie,* 52 Ark. 224, is, we think, decisive of the question that the first decree entered

in this case was not final and did not become so until the further decree entered after the report of the master came in and that the appeal was taken in time to bring up the whole case for review.

In the case just cited the lower court had rendered a decree, similar to the decree in the case at bar, vesting the title to certain interests in the land, and made a reference to a màster to state an account of rents and profits and amounts paid for improvments and taxes. It was held that the decree was interlocutory and not appealable. In disposing of the question the court, speaking through Chief Justice COCKRILL, said: "A judgment in equity is understood ordinarily to be interlocutory when inquiry of law or fact is directed preparatory to a final adjudication of the rights of the parties. But," quoting from the opinions of the Supreme Court of the United States in *Russell* v. *Beebe*, 18 How. 283, "where the decree decides the right to the property in contest and directs it to be delivered up, or directs it to be sold, and the complainant is entitled to have it carried into immediate execution, the decree must be regarded as final to that extent, although it may be necessary for the further decree to adjust the accounts between the parties."

Now, while the decree below determined the right of the parties as to the title to the land in controversy, it neither directed its execution nor determined whether a lien should be declared in favor of the defendant for the amount which he might be found to have expended in making improvements on the land and paying taxes, if any, in excess of the amount of rents and profits received. On the contrary, the questions were held in reserve to be determined after the report of the master should come in.

The following language used by this court in *Davie* v. *Davie, supra,* fits this case precisely, viz: "The decree does not direct its execution, but looks to further judicial action before that event. The plaintiff can suffer no injury by awaiting the termination of the litigation." The decree in *Young* v. *Rose,* 80 Ark. 513, was different from the decree in this case, and the decision in that case is not controlling in this.

This brings us to a consideration of the issue of fact presented, whether the deed of conveyance executed by Hayes to appellant Hargus was for fraudulent purposes or whether it

was executed by him and accepted by appellant in good faith as an absolute conveyance of the property. When the conveyance was made, Hayes was under indictment for a felony, and was afterwards convicted and sent to the penitentiary, where he died a year or two later. J. M. Burrow, an attorney who defended Hayes in the criminal prosecution, was called as a witness by the plaintiff, and testified that he anticipated Hayes's conviction, and advised him to dispose of his property in order to save something for his family; that Hayes brought a friend and wanted him (witness) to write a "sham" deed, which he declined to do and advised against making such a conveyance; that a few days later Hayes brought appellant Hargus, and said he had sold the land to him, and requested that a deed be prepared, which was done. He further testified that the consideration named in the deed, $400, was paid by Hargus to Hayes in his presence.

All of the other testimony introduced by the plaintiff tending to show that the conveyance was not executed in good faith but for fraudulent purposes related to statements alleged to have been made by Burrow and Hayes in the absence of Hargus. These statements were incompetent, and cannot be used against Hargus to impeach the good faith of the conveyance. Leaving out of consideration these incompetent statements, there is nothing to sustain the finding of the chancellor that the conveyance was not a *bona fide* one. Hargus was Hayes's stepfather, and this relationship calls for a strict scrutiny of the dealings between them. If there was anything substantial in the testimony tending to show that the conveyance was colorable and not made in good faith, we would hesitate about disturbing the finding, but all the testimony having bearing upon the transaction shows that such was not the case.

The decree must therefore be reversed, and the cause remanded with directions to dismiss the complaint for want of equity. It is so ordered.