### BROWN *v.* NORVELL.

#### Opinion delivered January 11, 1909.

APPEAL—FINAL DECREE.—Where the defendants in an ejectment suit set up a claim for reimbursement for improvements, and the court decided in favor of plaintiff as to the title, but, without awarding possession of the land, made reference to a master to ascertain the rents and profits chargeable against the defendants and the value of improvements made and taxes paid by them, the judgment is interlocutory and not appealable until the questions submitted to the master are disposed of.

Appeal from Crittenden Chancery Court; *W. J. Lamb,* Special Chancellor; appeal dismissed.

*R. G. Brown,* for appellants.
*Randolph & Randolph* and *Berry & Shafer,* for appellees.

McCULLOCH, J. This case was formerly here on appeal from the chancery court, and was reversed with directions to transfer it to the circuit court. In accordance with the mandate, the case was transferred to the circuit court, where it proceeded as an action in ejectment. The defendants asserted title to the lands in controversy and also set up a claim, in the event the court should decide against them on the issue as to title, for compensation for improvements made on the lands.

On the hearing of the case, the court found in favor of the plaintiff as to the title to the land, rendered a judgment declaring plaintiff's right to recover the land, and made a reference to a special master to ascertain from proof and state an account of the amount of rents and profits received by the defendants and

the value of the improvements made by them and also the amount of taxes paid. The defendants took an appeal from that judgment without waiting for the report of the master. Was the judgment final and appealable?

The statutes of this State provide that any person who, under color of title, believing himself to be the owner, peaceably improves lands which upon judicial investigation shall be decided to belong to another shall be repaid the value of such improvements, together with all taxes paid by him, before the court rendering judgment in the proceedings shall cause possession to be delivered to the successful party; that "the court or jury trying such cause shall assess the value of such improvements in the same action in which the title to said lands is adjudicated; and on such trial the damages sustained by the owner of the lands from waste and such mesne profits as may be allowed by law shall also be assessed; and if the value of the improvements made by the occupant and the taxes paid as aforesaid shall exceed the amount of said damages and mesne profits combined, the court shall enter an order as a part of the final judgment, providing that no writ shall issue for the possession of the lands in favor of the successful party until payment has been made to such occupant of the balance due him for such improvements and the taxes paid; and such amount shall be a lien on the said lands which may be enforced by equitable proceedings at any time within three years after the date of such judgment." Kirby's Digest, § § 2754, 2755.

According to the terms of this statute, there should be no final judgment rendered for recovery of possession of the land until the value of improvements be ascertained, if the court finds that the defendant has brought himself within the terms of the betterment statute and is entitled to re-imbursement for improvements made on the land. If the trial court renders judgment for recovery of immediate possession without deciding whether or not the defendant is entitled to re-imbursement for improvements and, if found to be so entitled, without ascertaining the value of the improvements, it is a final and appealable judgment, though an erroneous one, for it decides finally the rights of the parties concerning the possession of the land. On the other hand, if the court merely decides the question as to ownership of the land

without awarding immediate possession, and retains control of the proceedings for the purpose of adjudicating the rights of the parties with reference to claim of betterments, then the judgment is interlocutory and not final, for the rights of the parties as to possession of the land are not finally determined until the question of betterments is disposed of.

The principles announced by this court in *Hargus* v. *Hayes,* 83 Ark. 186, and *Davie* v. *Davie,* 52 Ark. 224, are decisive of the present question, though those were cases in equity and not ejectment cases.

The phraseology of the judgment below is a little ambiguous, and does not clearly show whether the court meant to withhold possession until the amount of taxes paid and value of improvements should be ascertained so as to enable the court to render a final judgment in accordance with the terms of the statute if the taxes and value of improvement should be found to exceed the mesne profits, or whether the court meant to adjudge to plaintiff the right of immediate possession and only allow the defendants a credit for taxes and improvements against the assessment of mesne profits. In this state of doubt, however, we should indulge the presumption that the court meant to follow the statute and to await the ascertainment of value of betterments before rendering final judgment, and not to prematurely render final judgment or one that is erroneous because not in accord with the statute.

It follows that the appeal is premature, and must be dismissed. It is so ordered.