SENNETT v. WALKER.

Opinion delivered December 13, 1909.

APPEAL AND ERROR—FINAL JUDGMENT.—A decree declaring in general terms the right of a trustee to receive into his possession the property of certain minors not already expended in their behalf, and referring the case to a master to ascertain the amount of such property, but without

providing for the enforcement of the decree until after the master reports, is not final, and therefore is not appealable.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; appeal dismissed.

*White & Altheimer,* for appellant.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

PER CURIAM. This is a suit in equity instituted by appellee, R. W. Walker, against Mrs. Beulah Sennett, widow of Joseph W. Walker, deceased, to enforce provisions of the last will and testament of the said Joseph W. Walker, deceased, in favor of his children. The prayer of the complaint is that "he be appointed by this court to be trustee of this estate for the said minor heirs, and be invested with authority to take into his possession all their estate, both personal and real, and that he be directed to administer same in accordance with the provisions contained in said will; that said will be construed, and that he be decreed to be entitled to recover from the said Beulah Sennett three-fourths of the entire estate, both real and personal, and including said insurance money, for the use and benefit of said heirs at law of the said Joseph W. Walker; that the said Beulah Sennett be required to disclose any and all of the assets left by the said Joseph W. Walker and which came into her hands, and that she be required to account to him as such trustee for three-fourths of the value thereof, and for such other and further relief as he may be entitled to and as the court may decree to be proper, in order to make effective the trust created by said will, and to carry out the provisions therein."

On the 27th day of August, 1909, the case came on to be heard before the chancellor, and he rendered a decree finding that said Joseph W. Walker at the time of his death was the owner of a large amount of real estate and personal property in Jefferson County, Ark., and that there was insurance upon his life standing in the name of the defendant, Beulah Sennett, to a large amount; that he died leaving a will as set out in the complaint, and that by the terms of the will three-fourths of the property should be delivered to the plaintiff, R. W. Walker, in trust for the minor children (naming them) of said testator. M. E. Bloom was appointed special master, and the cause was

referred to him to take testimony and report to the court the property belonging to the estate of said Joseph W. Walker, real and personal, which came into the hands of said Beulah Sennett, and also the amount of insurance money collected by her on the policies on the life of said Joseph W. Walker, to the end that one-fourth in value of the entire estate of Joseph W. Walker may be assigned to said Beulah Sennett, and three-fourths to the appellee as. trustee for the minor children. Said master was also directed to ascertain what portions of the personal estate and insurance money had been converted by the appellant to her own use, to the end that the share of the personal property converted belonging to the minor children might be charged on that portion of the real estate going to appellant, if not otherwise collectable. He was also directed to compute interest on three-fourths of the personal property and insurance money going to the minor children from the date when appellant remarried and forfeited her interest therein, and to ascertain the value of the rents of three-fourths of the real estate since the date of such marriage with interest at six per cent., to the end that they might be charged against the portion of the real estate going to appellant, if not otherwise collectable. He was also directed to report what amounts appellant had paid since her marriage for the support or education of the minor children or for taxes on their share in the property or for necessary repairs thereon.

From this decree the defendant, Mrs. Sennett, has prosecuted an appeal; and a motion is now filed to dismiss the appeal on the ground that the decree was not final. It will be noted that the decree does not purport to award to appellee any particular property. It merely declares in general terms his right to receive into his possession, as trustee for the minor children of Joseph W. Walker, three-fourths of the property of the estate not already expended on behalf of the minors. Reference is made to a master to ascertain the amount of property, and no provision is made for enforcing the decree until after thr master reports.

The decree falls squarely within the rule announced by this court in *Davie* v. *Davie,* 52 Ark. 224. There Crief Justice COCKRILL, speaking for the court, said: "In this case, while the

decree takes the form of a final order in adjudicating the parties' proportionate interests in the land, it is apparent that the court has not fully adjudicated that branch of the cause. The relative interests of the parties in the land have been ascertained and de- termined, but the cause is retained with a reference to a master who is directed to report at a subsequent term, and the court is yet to determine, upon the coming in of the report, what amounts shall be charged as liens upon the several interests, and whether there shall be a sale of some of the interests to satisfy the same. The decree does not direct its execution, but looks to further judicial action before that event. The plaintiffs can suffer no injury by awaiting the termination of the litigation."

This subject has received the attention of the court in the later cases of *Hargus* v. *Hayes,* 83 Ark. 186, and *Brown* v. *Norvell,* 88 Ark. 590.

The case of *Young* v. *Rose,* 80 Ark. 513, which is relied on by learned counsel for appellant to sustain the right of appeal from this decree, does not conflict with the views here expressed nor with the other cases just referred to. In that case plaintiff had purchased the interest of defendant's co-partner in a saloon business, and asked the court to set aside a sale and repurchase by defendant of the partnership property, claiming said sale and repurchase was a fraud on his (plaintiff's) rights. The court in its decree denied the relief sought by plaintiff, upheld the sale and repurchase made by defendant, ascertained the amount to be accounted for, and referred the case to a master to ascer- tain the state of the account between the parties, so that the amount could be distributed. The plaintiff did not appeal until after the report of the master came in, and we held that the first decree was final. The decree in that case was against the contention of the plaintiff, and denied him the relief prayed. It was therefore final, and we so held, notwithstanding the fact that the court retained control of the case and appointed a master for the purpose of ascertaining the state of the account, so that the amount fixed by the decree could be distributed.

In the present case the decree only fixed the rights of the parties in general terms, but deprived defendant of no specific property. It was necessary to await the incoming of the mas- ter's report before it could be determined what prpoperty would

be awarded to the plaintiff and taken from the defendant, and the court made no direction for the execution of the decree until that time, but, on the contrary, it looks to further judicial action before the execution of the decree is contemplated.

This court is of the opinion that the decree is not final, so the appeal is therefore dismissed.