BRADLEY LUMBER CO. *v.* HAMILTON.

Opinion delivered October 6, 1913.

APPEAL—SEPARATE ISSUE IN CAUSE—FINAL JUDGMENT.—Where the chancery court by its decree cancelled certain deeds purporting to convey lands to defendant, and adjudged title in plaintiffs, declaring a lien in defendant's favor for taxes paid, the decree is final, although a master was appointed to determine the amount of timber cut by the defendant, and the decree was rendered before the master made his report. The adjudication of the value of the timber is a separate issue, which the chancery court still has jurisdiction to determine.

Appeal from Bradley Chancery Court; *Z. T. Wood,* Chancellor; motion to modify judgment; overruled.

PER CURIAM.* The decree of the chancery court cancelled the deeds purporting to convey the lands in controversy to defendant and adjudged the title to the lands to be in the plaintiffs, but declared a lien in favor of the defendant for taxes paid, the amount of same being agreed upon by the parties. This part of the decree was a complete adjudication *pro tanto* of the rights of the parties and was final. *Davie* v. *Davie,* 52 Ark. 224; *Young* v. *Rose,* 80 Ark. 513. It does not fall within another line of decisions of this court holding judgments and decrees which are incomplete not to be final. *Har-*

*Opinion on motion to modify decree in *Bradley Lumber Co.* v. *Hamilton, Ante* p. 1.

*gus* v. *Hayes,* 83 Ark. 186; *Brown* v. *Norvell,* 88 Ark. 590; *Sennett* v. *Walker,* 92 Ark. 607. The decree went further and determined that defendant is liable to plaintiffs for the value of timber cut from the lands and referred the case to a master to determine the amount to be awarded as damages, and the appeal upon the first part of the decree was prosecuted without waiting for the report of the master to come in. That, however, was a separate issue which could be prosecuted to a conclusion while the appeal was pending here or after the affirmance by this court. The plaintiffs (appellees) now move this court to modify the judgment here so as to remand the cause for further proceedings. That is unnecessary for the reason stated above, namely, that the adjudication of the value of the timber is a separate issue which the affirmance of the original decree here does not affect, and the chancery court still has jurisdiction to proceed to a determination of that issue. The motion to modify the decree is, therefore, overruled.