BRANSTETTER *v.* BRANSTETTER.

Opinion delivered July 9, 1917.

1. PARTITION—DISPUTED TITLE—EQUITY JURISDICTION.—A bill in equity will not lie to partition lands, the title to which is in dispute.

2. EQUITY JURISDICTION—PARTITION.—When a court of equity has possession of a case on some ground of equity jurisdiction wholly distinct from partition, although the cause is brought for partition, the cause will be retained for the other purpose.

3. PARTITION—EQUITY JURISDICTION—OTHER GROUNDS.—An action was brought to determine the rights of the parties in certain lands. *Held,* the court, having jurisdiction under the pleadings, could determine the rights of the parties and partition the lands, and a decree to that effect was final and could be appealed from.

4. EQUITY JURISDICTION — APPOINTMENT OF COMMISSIONER — MINISTERIAL ACTS.—After the court has appointed a commissioner and given him directions to partition certain lands, its further acts are ministerial, rather than judicial.

5. EQUITY JURISDICTION—ACTS OF COMMISSIONER.—The functions of a commissioner in carrying out the court's judgment are analogous to those of a master in chancery who is appointed to state an account in accordance with the findings and decree of the court.

6. JUDGMENTS—FINALITY.—Where a judgment which finally settles the rights, title and interests of the parties under the issues raised by the pleadings, is in such form as to be complete and final, giving the right to have the same put into execution, the same is final and may be appealed from.

7. BILL OF REVIEW—PROOF OF ERROR.—Where a decree is reviewed on a bill of review, to which the appellee filed an answer and demurrer, the burden is upon the appellant to show error as a matter of law upon the face of the decree.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*W. N. Carpenter* and *Sam Frauenthal,* for appellant.

1. The evidence shows conclusively that appellant M. S. Branstetter was the owner of an undivided one-half interest in the land by virtue of a deed from P. A. Douglas, and in addition is entitled to whatsoever interest was devised to him by the will of his father.

2. The original will was duly executed and attested. If a codicil was added it was never attested, and did not revoke nor change the original will. Kirby's Digest, § 8012; 85 Ark. 363.

3. But if the codicil is a part of the will, the court erred in the construction of it and the will considered as one instrument. 6 Peters, 68; 151 U. S. 112. The language of the will itself controls in arriving at the intention of the testator. 90 Ark. 152; 23 *Id.* 378; 3 L. R. A. (N. S). 847; Jarman on Wills, 711-726.

It is clearly expressed in the original will that it was the intent to give M. S. Branstetter a half interest in the estate. 5 L. R. A. 223; 27 L. R. A. (N. S.) 1092; 40 Cyc. 1415, note 31.

4. The original order was erroneous on its face and should be corrected. The court has power on Bill of Review to correct a palpable error on the face of the record. 104 Ark. 562; 59 *Id.* 441; 32 *Id.* 753; 21 *Id.* 528.

5. The first order was not final, but merely interlocutory. 123 Ark. 620; Freeman on Cotenancy & Partition (2 ed.), 516; Knapp on Partition, 497; 103 U. S. 518; 70 Fed. 529; 48 Fla. 226; 111 Am. St. 77; 30 Cyc. 326; 41 Ind. 398; 204 N. Y. 238.

*Botts & O'Daniel,* for appellees.

1. The appeal should be dismissed. The decree in the original case, February, 1915, was final. 123 Ark. 620; Kirby's Digest, § § 1198, 5776-7-8-9, etc., 6228; 34 Ark. 130; 34 *Id.* 130; 80 *Id.* 515; 106 *Id.* 207, 213; 138 Ind. 628; 148 Ill. 321; 145 *Id.* 500; 62 Iowa; 740-7; 49 Ohio, 374; Black on Judgments, § 39; 122 Ark. 255.

2. The Bill of Review is a separate and distinct suit from the original and was properly dismissed. 31 Ark.

103; 68 *Id.* 288; 26 *Id.* 603; 104 *Id.* 568; 59 *Id.* 445; 25 *Id.* 603.

3. The original decree was correct. 114 Ark. 154; 40 Cyc. 1098.

### STATEMENT BY THE COURT.

This is a suit for partition. The complaint alleged that S. M. Branstetter and M. S. Branstetter, one of the appellants herein, were the owners as tenants in common of the land involved, which they obtained by deed executed to them jointly by one P. A. Douglas; that thereafter S. M. Branstetter died, leaving a will by which he devised one-half of his estate to his son, M. S. Branstetter, and the other half to the heirs of another son, S. F. Branstetter, whose heirs are made parties to the suit. It was further alleged that the appellees, Roberta and Alice Branstetter, were the sole heirs of A. O. Branstetter, who had no right or claim to any of the land involved in the suit, but, as appellants were informed, were claiming some interest therein.

The complaint then alleged that M. S. Branstetter had expended $1,244.65 in making permanent improvements on the land and S. M. Branstetter had expended the sum of $619.56 in making permanent improvements; that M. S. Branstetter and the heirs of S. F. Branstetter own each a one-half interest in the land.

The complaint further alleged as follows: "Plaintiffs say that they are entitled to have the property rights of all of the legatees under said will of S. M. Branstetter in and to the above described property adjusted and declared; that the property is not susceptible of division in the kind between the said several parties in interest, and that after the exact rights and interest of each party hereto has been declared by the court that said property should be sold by the decree of this court and the proceeds to be applied to the various claims and interests of the various parties hereto. * * * Wherefore, plaintiffs pray that a decree of this court be rendered declaring and de-

fining the rights of all the parties in and to the aforedescribed lands.''

Appellees Alice and Roberta Branstetter answered, in which they denied that the appellants were the sole owners of the land. They alleged that S. M. Branstetter died leaving a will in which he made provision that the appellees were to receive a certain judgment which he held against the estate of their father in the sum of $617.36; that thereafter the said S. M. Branstetter and the guardian of the appellees entered into an agreement by which the said S. M. Branstetter accepted a small sum for said judgment, and that thereafter the same S. M. Branstetter made an alteration in his will by executing a codicil thereto as follows:

"DeWitt, Ark., Nov. 3, 1905.

"I, S. M. Branstetter, as Lizzie Roberta and Sabina Alice has settled the judgment that I hold against the estate of A. O. Branstetter, I will them an equal share with S. F. Branstetter airs according as the will directs.''

They alleged that the will, with the codicil, was duly probated.

Appellees prayed that ''their rights be determined and decreed by this court in the property above mentioned, and to all other relief to which they are entitled.''

The will, with the purported codicil, was attached and made an exhibit to the answer.

The appellants replied, in which they denied that the above purported codicil to the will of S. M. Branstetter constituted any part thereof, and alleged that it was merely a leaf pinned to the will and was of no force or effect, and denied that the appellees had any rights in the lands by reason thereof.

The will, with the purported codicil, was duly presented to the probate court, and there was a contest concerning the codicil to the will, and the court, after hearing evidence, admitted the will, together with the purported codicil, as the last will and testament of S. M. Branstetter, deceased. An appeal was taken to the circuit court from this order of the probate court, and the circuit court ap-

proved the finding and judgment of the probate court, and its judgment was certified down and a final judgment was entered by the probate court admitting the will, with the purported codicil, as the last will and testament of S. M. Branstetter.

The deposition of M. S. Branstetter was heard and a deed from Douglas to S. M. and M. S. Branstetter was introduced, and the court, after hearing the testimony, found, that M. S. Branstetter is the owner of one-third of the land involved in the suit; that the heirs of S. F. Branstetter, deceased, who are specifically named in the decree, are the owners of one-third interest in the land, and that the appellees, as the children and heirs of A. O. Branstetter, are the owners of one-third of the estate of S. M. Branstetter, deceased. The court further found that the parties to the suit were entitled to have the lands divided according to their respective interests, and entered a decree that the five acres (describing it) be partitioned and divided, giving to M. S. Branstetter a one-third thereof in severalty; to Nettie Branstetter, widow of L. N. Branstetter, a one-ninth interest for her life; to the children and heirs of S. F. Branstetter (naming them) a one-third interest (dividing the same in severalty between them); and to the children and heirs of A. O. Branstetter (appellees here) the remaining one-third.

The court then appointed commissioners to make partition according to the decree and directed them to report their acts to the court. This decree, as appears by *nunc pro tunc* entry, was rendered on February 1, 1915. An appeal was prayed from this decree, and on appellee's motion such appeal was dismissed by this court on the ground that if the decree was final, the time for appeal had expired, the transcript not having been lodged with the clerk of this court within six months from the rendition of the decree; and, if not, the appeal was premature.

On September 25, 1916, the commissioners appointed to make partition having reported that the land was not susceptible of division, the court entered a decree ap-

proving said report of the commissioners and directing that the lands be sold for the purpose of the partition, and directing that the proceeds of the sale should be distributed pro rata according to the respective interests of the parties as set forth in the original decree. From this decree, directing the sale of the lands for partition, this appeal has been duly prosecuted.

On January 13, 1917, the appellants filed what they designated as a "Bill of Review," in which they asked the court to review and correct its original decree, on the ground that on the face of the record it appeared that the title to the land had been acquired from Douglas by appellant M. S. Branstetter and his father, S. M. Branstetter; that the appellant, in his own right, owned a one-half interest in the whole land, and that the appellees, who only claimed title through the father of M. S. Branstetter, could only have had an interest in one-half, so that on the face of the record it appeared that there was a palpable error in giving the appellant M. S. Branstetter only a one-third interest in the entire land.

The chancellor dismissed the bill of review, from which appellants also prosecute an appeal.

Appellants' counsel, in their brief, state that both appeals are prosecuted for one purpose, which is to correct an alleged error on the part of the chancellor in declaring what were the respective interests of the parties in the land and the proceedings thereon.

WOOD, J., (after stating the facts). Appellees demurred to the complaint on the ground that the court did not have jurisdiction, and the demurrer was overruled and they excepted to the ruling, but they did not stand on the demurrer, and afterwards answered and have not urged in their brief that the court erred in taking jurisdiction of the case. While the complaint does not state expressly that the appellants, or any of them, are in possession of the land, it does set up that improvements were made, and taking the complaint all together, it should be treated as one where the appellants, or some of them,

were in possession of the lands in controversy, holding the same for the others, who are appellants, and who were tenants in common. But the suit, so far as the appellees are concerned, can not be treated as a suit merely in partition, because appellants, in their complaint, alleged that the appellees had no right or claim to any of the land, and in their response to appellees' answer they denied that appellees "acquired or had any rights in said land."

(1)    Therefore, while the complaint could be treated as one for partition so far as the tenants in common were concerned, whose interests or title were not disputed, so far as the appellees are concerned, it is more in the nature of a suit on the part of the appellants to quiet the title as against them, and it must be so treated in order to give the court jurisdiction. It is well settled by numerous decisions of this court that a bill in equity will not lie to partition lands the title to which is in dispute. *Cannon v. Stevens,* 88 Ark. 610.

(2)    In *Maupin* v. *Gaines,* 125 Ark. 181, 185, we said: "Unless a tenant in common is in possession, or his title is admitted, he can not maintain a bill in equity for the partition thereof. But it is equally as well settled that when a court of chancery has possession of a case on some ground of equity jurisdiction wholly distinct from partition, the cause will be retained for that purpose."

(3)    Under the allegations of the complaint that appellants were the owners of the land, and treating the allegations as sufficient to show that they were in possession, and that the appellees were asserting a claim of title to which they had no right, and praying that a decree be rendered declaring and defining the rights of all the parties to the action, the court had jurisdiction of the cause on a ground wholly distinct from that of partition, and could therefore retain the cause for the purpose of partitioning the land among the owners after the rights of all parties were settled and determined by the decree. Such being the issues raised by the pleadings, the decree rendered February 1, 1915, was a final decree from which an appeal could have been prosecuted. That decree set-

tled the issues raised by the pleadings and finally determined the titles and interests and declared the rights of the parties to the lands in controversy.

"A decree which determines the issues set forth in the pleadings, and directs a partition of the property accordingly and in accordance with the rights of the parties as determined by such decree, is regarded as final, for such decree leaves nothing to be done but execute the directions therein contained." Knapp on Partition, p. 497. See also Black on Judgments, section 39.

Under our statute for partition and sale of land, Kirby's Dig., chap. 120, it is provided that the court "shall declare the rights, titles and interests of all the parties to such proceedings, * * * and shall determine the rights of the parties in such lands and tenements, and give judgment that partition be made between such of them as shall have any right therein, in accordance with such right thus ascertained." Section 5776.

(4-5) After the court had rendered this judgment, its functions, under the statute, in appointing commissioners and giving them directions to make the partition so adjudged, and the duties of the commissioners to make partition according to the judgment of the court, or to ascertain and report that the partition could not be made without great prejudice to the owners, and other duties as defined by the statute are all of a ministerial, rather than a judicial, character. Kirby's Digest, § 5777, *et seq.* 5782, inclusive. The functions of the commissioners in carrying out the judgment are analogous to those of a master in chancery who is appointed to state an account in accordance with the findings and decree of the court. In *Young* v. *Rose,* 80 Ark. 513, there was a decree which adjudged the rights of the parties and a master was appointed and directed to state an account in accordance with the decree. The master performed his duties and made a report, which followed the decree. The judgment in the case was rendered over a year before the appeal was taken, and the question was whether the judgment declaring and fixing the rights of the parties was final, or

whether it was subject to review on appeal from the subsequent decree confirming the report of the master. The court said: "A decree which settles the rights of the parties and leaves nothing to the master but a statement of an account fixed by the decree is a final judgment. As no appeal was taken from this judgment within the time allowed by statute it must be treated on this appeal as the law of the case, and that being so, the subsequent decree confirming the report of the master made in obedience to the first decree can not be questioned."

In *Clark* v. *Lesser*, 106 Ark. 207, Lesser brought suit against Clark and others to quiet title and for partition of certain land. A decree was rendered against appellants quieting title in the appellee and ordering a partition of the land, from which decree an appeal was prosecuted. The appellants contended that the appeal was premature, and we said (p. 213): "The decree of the chancery court was a final decree as to the title to the land in controversy and the appeal was therefore not premature." See also *Bradley Lumber Co.* v. *Hamilton,* 109 Ark. 598.

In *Davie* v. *Davie,* 52 Ark. 224, we held: "Where a decree determines the right to property, and directs it to be delivered up, or directs its sale, and the plaintiff is entitled to have the decree carried into immediate execution, it is to that extent final and may be appealed from, although a further decree may be necessary to adjust an account between the parties."

(6)    Whatever may be the rule in other jurisdictions, the facts of this record bring it strictly within the rule of our cases which hold that where a judgment or decree which finally settles the rights, title and interests of the parties under the issues raised by the pleadings, and is in such form as to be complete and final, giving the right to have the same put into execution, that such judgment or decree is final and may be appealed from. We are of the opinion, however, that the weight of authority in other jurisdictions is in harmony with the view we here express. See cases cited in brief of counsel for appellees.

There is another line of cases which hold that where the judgment on its face shows that it is interlocutory and not complete, but leaves open issues for further judicial determination, that such judgment is not final and no appeal can be taken from it. *Hargus* v. *Hayes,* 83 Ark. 186; *Brown* v. *Norvell,* 88 Ark. 590; *Sennett* v. *Walker,* 92 Ark. 607.

It follows that since no appeal was prosecuted within the time prescribed by law from the original judgment adjudicating the rights of the parties and directing partition, that the present appeal from the order confirming the report of the commissioners, by which the original judgment is sought to be reviewed, must be dismissed.

The proceedings on the bill of review were really in the nature of an independent suit. The bill, in substance, alleged that the appellants were the owners of certain lands by reason of an alleged deed from P. A. Douglas; that M. S. Branstetter is the owner of an undivided one-half interest; that by survivorship appellants were owners of all of it; that the action was to construe the will of S. M. Branstetter, and to have the interests of the parties determined; that the court, in rendering its decree, overlooked the deed of Douglas to S. M. Branstetter and M. S. Branstetter; that S. M. Branstetter owned one-half of said land, and the other half was in M. S. Branstetter; that the court erred in determining what was the will and what were the interests of the parties to the suit; that the estate was divided under the terms of the will erroneously, and prayed that the decree be vacated, the errors corrected in a new decree drawn in accordance with the facts and the law of the case.

(7)   The appellees demurred and answered. The decree on this bill of review shows that the same was heard on the bill of review, the answer and demurrer of the defendants, and that the court dismissed the same. In this state of the pleadings the burden was upon the appellants to show error as a matter of law upon the face of the decree. The bill, on its face, shows an effort to have the chancery court reconsider its original decree in parti-

tion, and to review the evidence and change its conclusions. This can not be done on a bill of review.

In *Long* v. *Long,* 104 Ark. 562, 568, we said: ''Where a former decree is attacked upon the ground that errors of law are apparent on the face of the record, the court is confined to the pleadings, proceedings and decree in the case in which the decree was rendered. It can not look into the evidence to see whether or not the decree is based on a correct finding of facts.''

In *Wood* v. *Wood,* 59 Ark. 441, 445, Judge Battle, speaking for the court, used this language: ''In an attack upon a decree by a bill of review for errors of law, a court can not look into the evidence to see whether the decree is based upon a correct finding of facts. That is the proper office of a court of competent jurisdiction upon an appeal. But, assuming that the facts upon which the decree rests have been properly found, it is the sole duty of a court to inquire whether the record, exclusive of the evidence, contains any substantial error of law pointed out by the bill of review.''

We can not therefore enter upon a consideration of the evidence upon which the original decree was grounded, even if appellants had brought the same into their record on the bill of review, which they have not done.

Assuming that the facts upon which the original decree rests have been properly found, which we must do, certainly there is no error of law appearing in the record of the original proceedings upon which that decree was based which would warrant this court in setting aside the decree. We must assume that, notwithstanding the exhibit of the Douglas deed, the court, in determining the rights of the parties, ascertained and found facts which justified it in rendering the decree in favor of the appellees. The court might have found that what appellants allege and refer to as the *codicil* to the will of S. M. Branstetter was not a codicil at all, but was a provision in the will itself, and that it had been so found and adjudicated by the probate court.

It can readily be seen that facts showing the correctness of the original decree might have been proved. If such facts were not proved, they were matters to be reviewed on appeal from the original decree, and not by bill of review.

There were no errors of law appearing on the face of the record pointed out in this bill of review. The alleged errors which it seeks to have corrected are errors in the conclusions of the court upon the evidence, and in the construction that it placed upon the evidence. If there were such errors these could and should have been corrected on appeal. The decree of the court was therefore correct in dismissing the bill of review.

Finding no error in the record, the decree is in all things affirmed.